51  243
63  343
51  243
83   99

51  243
110  491

JOHN BAKER v. THE CITIZENS' MUTUAL FIRE INSURANCE COMPANY OF KALAMAZOO COUNTY.

*Insurance—Cancellation of policy—Assessments.*

The cancellation of an insurance policy has no effect, in itself, upon a right of action which has previously accrued under the policy.

The charter and by-laws of a mutual fire insurance company provided that when the board of directors ordered an assessment the secretary should prepare it and it should be signed by him and by a majority of the board. *Held* that an unsigned and uncertified paper containing no headings to explain the figures set down in it, could not be treated as an official assessment for the purpose of forfeiting the policy of one who had not paid the amount of his assessment until after the expiration of the period fixed by notice to him.

Error to Kalamazoo.   (Mills, J.)   June 22.—July 2.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*E. M. Irish* for appellant.

*Dallas Boudeman* for appellee.

CAMPBELL, J.   Baker sued defendant on a policy of insurance and recovered judgment.   The defense set up was —*first*, the cancellation of the policy ; and *second*, the forfeiture of the insurance by non-payment of assessment.

Upon the first point no legitimate question arises, as the policy was not canceled until after the loss and right of action accrued, and there was nothing in the mere act of cancellation to operate retroactively so as to cut off the claim for damages already existing.

The controversy all turns upon the second point ; for the other questions raised on the trial do not appear to have any materiality.

The defendant, which is a mutual company organized under the laws of Michigan, appears to have divided its risks into various classes at different rates.   Plaintiff held what was known as one first-class risk for $400, which is the one

in question.   He also held two fourth-class policies for $700.
On January 11, 1882, the board of directors passed a reso-
lution ordering all policies issued previous to October, 1881,
to be assessed, at the rate of two mills on the dollar for first-
class policies, and additional rates at 10, 20 and 30 per cent.
respectively on the second, third and fourth classes, and di-
recting an assessment to be levied accordingly, payable on
the first of March and for thirty days thereafter, and that
the secretary give notice on the 1st of March.   The reso-
lution directed that all policies not paid within the 30 days
should be suspended till paid.   The by-laws directed a total
forfeiture, retaining nevertheless personal liability for fu-
ture assessments.   The charter directed that the mode of
assessing should be fixed by the by-laws.   The by-laws pro-
vided that when the board ordered an assessment, the sec-
retary should prepare it, and it should be signed by a major-
ity of the board and by the secretary, and placed on file.

The secretary prepared a paper which was not signed by
himself or by any one else, which contained no headings
showing what was meant by the various columns in which
entries were made, and in which the only reference to plaint-
iff was as follows :

"168 | Baker, John | 27 | Kal | 1 | 4.00 | 2.48 | May 13 | 2.48"
                                     7.00

The notice sent by the secretary was dated March 1, 1882,
and after setting out the resolution of January, informed
plaintiff that the grade and amount of his insurance was
"No. 1 and 4 grade, $1100 ; assessment, $2.48."   It re-
quired him to pay the assessment to the treasurer within 30
days from date.

The plaintiff did not pay until May 13, the day after
the fire, when he paid the entire amount specified in the
notice, and informed the secretary of the fire.   On May
16 he presented his claim, which the board refused to al-
low.   No objection was made on any formal grounds.

The record shows conclusively that no such assessment
was made as was required by the charter and by-laws, and
without this there could be no forfeiture.   The charter and

by-laws both treat the assessment as an act to be done sub-sequent to the resolution of the directors. Until the assessment is put in shape there is nothing to found a notice on, and nothing to create a liability. The purpose of the by-law is to secure the personal attention and oversight of the officers to the preparation of the assessment, so as to se-cure accuracy, and to prevent omissions or mistakes in regard to the persons responsible and the amounts of their dues. Every member is interested in having assessments correct, and in having others properly charged for their share of the common burden.

We need not consider whether the omission of certain policies would have been fatal had the directors and secretary acted in preparing the assessment. The directors paid no attention to it whatever, and there was no assessment properly so called made at all, for it is impossible under the charter to regard a mere unsigned and uncertified paper to be treated as an official act of persons who never had anything to do with it and probably never saw it.

Without referring to other difficulties, we think the court below correctly decided that this was no valid assessment, and created no forfeiture.

The judgment must be affirmed with costs.

The other Justices concurred.