W. W. SETTLE, Respondent, v. FARMERS & LABOR-ERS CO-OPERATIVE INSURANCE ASSOCIA-TION OF MONROE COUNTY, Appellant.

St. Louis Court of Appeals, October 1, 1910.

1. FIRE INSURANCE: Mutual Companies: Forfeiture for Non-payment of Assessment: Burden of Proof. The burden is on a mutual fire insurance company to prove that a legal assessment was made, where it claims a forfeiture for non-payment of an assessment.

2. ———: ———: ———: Illegal Assessment: Facts Stated. The constitution of a mutual fire insurance company prohibited the levy of an assessment except in case of actual loss or damage by fire or lightning, or to defray the necessary expenses of the association; required each member to pay a sum bearing the same ratio to the total amount to be paid as the sum he was insured for bore to the total value of property insured; required the board of directors to adjudicate each loss, and the

Settle v. Insurance Association.

secretary to estimate three-fourths of the amount thereof and make out a pro rata assessment of the amount due from each member, with one per cent. added; and provided that when the board of directors ordered an assessment, the secretary should execute it, and that it should be signed by a majority of the board and by the secretary and filed in the latter's office, and, when so executed, should be evidence that the sums assessed were payable. An assessment was made, which would yield a sum of $4437.38 at a time when the company's indebtedness was about $2300, the excess being intended to pay any loss which might accrue thereafter during that year, and no calculations were made in levying the assessment for the purpose of paying losses then accrued, nor did the secretary extend the assessment by calculating the amount due from each policyholder or sign it with the majority of the board of directors and file it as required by the constitution. *Held*, that the constitution contemplated that the board of directors should calculate the amount necessary to pay losses then accrued and to defray expenses, before making an assessment; that the assessment in question should have been executed by the secretary by extending it pro rata against the total amount of the insured property; and that the assessment in question was illegal also as being in excess of the accrued losses and expenses.

3. ———: ———: ———: Not Favored. Forfeitures are not favored in the law, and before courts will declare one, it is essential for the party insisting upon it to show strict compliance with every term said to afford the basis for thus summarily divesting the right, and a forfeiture cannot be declared for failure to pay an assessment levied by a mutual insurance company which is illegal and not levied in accordance with the provisions of the charter of the company.

4. APPELLATE PRACTICE: Request for Special Findings: Necessity of Complaining Party Asking For: Trial Practice. The appellant may not predicate error on matter not brought to the trial court's attention, so that where appellant did not request a special finding, under section 695, Revised Statutes 1899, he cannot be heard to complain on appeal of the court's failure to grant respondent's request for a special finding, appellant having waived his right to object by not making a timely request.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*James P. Boyd* for appellant.

(1)    The written finding made by the court does not comply with, nor meet the requirements of, section 695 upon the request in writing being made for a separate finding of facts found separately from the conclusions of law. Hamill v. Talbot, 72 Mo. App. 32.    (2) "Members of mutual insurance companies, who are entitled to vote for directors, cannot set up as defense to an assessment dereliction of duty on the part of company's officers." 2 Cooley's Brief on Laws of Insurance, 959, p. 957, Ins. Co. v. Groff, 154 Pa. 200.

*Ragland & McAllister* for respondent.

(1)    The mere existence of the unpaid assessment is not sufficient, it is axiomatic that forfeiture cannot be declared for failure to pay an assessment which is illegal and not levied in accordance with the provisions of the charter. 2 Cooley Insurance Briefs, p. 1871; In re People's Mut. Equitable Fire Ins. Co., 9 Allen (Mass.) 319; Baker v. Ins. Co., 51 Mich. 243, 16 N. W. 391; Ins. Co. v. Comfort, 50 Miss. 662; Rosenberger v. Ins. Co., 87 Pa. 207; McMahan v. Ins. Co., 179 Pa. 52, 36 Atl. 174; Seyk v. Ins. Co., 74 Wis. 67, 41 N. W. 443, 3 L. R. A. 523.    (2)    An assessment which is illegal because willfully too large and made so for the purpose of providing a fund for the payment of future losses, cannot be made a basis of forfeiture. Rosenberger v. Ins. Co., 87 Pa. 207.

NORTONI, J.—This is a suit on a policy of fire insurance. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is a farmers' mutual fire insurance company incorporated under the laws of this state and authorized to insure the property of its members in Monroe county. On August 18, 1906, plaintiff became a

member of the company and defendant issued to him its policy of insurance, whereby, among other things, it agreed to indemnify him against the loss of his barn by fire or lightning to the extent of $250 and not exceeding three-fourths the value of the contents of said barn, the entire amount insured on the contents of the barn being $200. Other items in the same policy made a total amount of $1350 insured, but the barn and contents only were destroyed. Plaintiff's barn and contents were consumed by fire on the night of August 15, 1907 and defendant declined to pay the loss for the reason plaintiff had omitted to pay an assessment levied against his policy on the thirteenth of July of the same year. The case was tried before the circuit court without a jury and defense was made on the theory the policy had been forfeited prior to the date of plaintiff's loss because of the non-payment of the assessment referred to. Defendant being a farmers' mutual insurance company organized under our statutes, of course, it is without capital other than that which comes into its treasury as a result of a small stipend paid for each one hundred dollars insurance at the time the policy is issued and through such assessments as are levied from time to time by the board of directors for the purpose of paying losses and incidental expenses. The assessments from which defendant derives its revenue are authorized by the constitution and by-laws of the company to be levied by the board of directors under proper circumstances in the manner therein indicated. And the several policy holders of the company, by becoming such, mutually agree and contract with each other and the company to abide by and conform to the provisions of the constitution and by-laws touching such matters.

There is no controversy over the fact that plaintiff's loss occurred by fire at the time mentioned and that he held a policy in the defendant company for $1350 in amount, two hundred and fifty dollars of which covered on his barn and two hundred dollars on its con-

tents. But it is said his right to enforce the same had been forfeited because of the fact he had failed and omitted to pay an assessment of $2.70 of date July 13, 1907. The constitution of defendant company in one of its sections pointedly provides that if any member fails or omits to pay an assessment after thirty days' notice thereof, then such failure operates to suspend his policy and forfeit his right to indemnity thereunder. This much is conceded. And it is conceded, too, that plaintiff failed to pay the assessment of $2.70 which was levied on July 13th, within the thirty day limit specified in the constitution, which, in part, constitutes the contract of insurance between the parties. To avoid the forfeiture set forth in defendant's answer and relied upon as a defense to the action, plaintiff insists that such assessment was illegal in that it was levied for an amount in excess of that authorized by the constitution of the company and in a manner other and different from that provided therein. The defendant company, having pleaded a forfeiture of the policy for non-payment of the assessment, the burden is, of course, upon it to prove that a legal assessment was made. [21 Am. and Eng. Ency. Law (2 Ed.), 289; Hartford L. Ins. Co. v. Hyde, 101 Tenn. 396.] To the end of sustaining the forfeiture, it was shown that on the first day of July, 1907, the board of directors of the defendant company ordered an assessment of twenty cents on each one hundred dollars insured and that the secretary, on July 13th, notified plaintiff that $2.70 was his pro rata part thereof, to be paid on or before August 13, 1907. It was further shown that the company then had at risk policies to an amount of something over $2,000,000 and that the returns from such twenty cent assessment would amount to $4437.38 and further that, at the time such assessment was made, there were outstanding obligations—fire losses and expenses—against the company, payable from such assessments, amounting to a little more than $2300. Section 2 of article

2 of defendant's constitution provides that no assessment shall be levied except in cases of actual loss or damage by fire or lightning or to defray the necessary expenses of the association as thereinafter provided. Section 3 of the same article provides that each member shall pay a sum bearing the same ratio to the total amount to be paid as the sum he has insured bears to the total value of the property insured. Section 5 of article 2 of the constitution provides that the board of directors shall adjudicate each loss reported to the company and that the secretary shall proceed to estimate three-fourths of the amount of said loss and make out a pro rata assessment of the amount due from each member according to section 3, with one per cent. added, and mail the same with proper notice of time of payment to the address of each member. Section 8 of article 8 of the constitution provides that when the board of directors shall order an assessment the secretary shall execute the same and that it shall be signed by a majority of the board of directors and secretary and placed on file in the secretary's office and that when so executed it shall constitute evidence that the several sums so assessed are due and payable to the company from the persons against whom the same are respectively assessed. It is conceded in the case that though the assessment of twenty cents on each one hundred dollars insured would yield the sum of $4437.38 the company actually owed only a little more than $2300 at the time. It is conceded, too, by defendant, that no particular calculations were made with reference to levying the assessment referred to for the purpose of paying losses then accrued but it is said the assessment of twenty cents was made in blanket form for the purpose of liquidating the $2300 indebtedness then outstanding and such loss as might accrue thereafter during that year. Though it appears the secretary and a quorum of the board of directors signed the resolution levying the assessment mentioned, it is conceded that

the secretary did not extend the same by calculating the amount due from each policy holder, and, together with the majority of the board of directors, sign and place the contemplated document on file in his office as evidence that the sums so assessed were due and payable to the company from the persons against whom they were respectively assessed. On these facts, the circuit court entertained the view that the assessment mentioned was insufficient to operate a forfeiture of plaintiff's insurance, for the reason it was illegal and unenforceable.

In the first place, the constitution of the company, which is parcel of the contract between the parties, authorizes the levy of an assessment only for the purpose of meeting actual losses or damages or to defray the necessary expenses of the association. By section 3 of article 2 each member is required to pay a sum bearing the same ratio to the total amount to be paid as the sum insured bears to the total value of all property insured. These provisions are in accord with the spirit of natural justice, for besides each bearing his pro rata portion of the burden, it is expressly stipulated that no one shall be called upon to pay an assessment except in case of actual loss or damage or to defray the necessary expenses of the association. The obligation of the policy holder obviously begins with the issue of his policy and it is for him to pay his pro rata part of all losses that occur during the time of continuing his relations with the company. Pro rata assessments are, therefore, authorized for the purpose of liquidating such losses as have actually accrued at the time the assessment was made and for the purpose of defraying the necessary expenses of the company. It may be that plaintiff would desire to discontinue his relations with the company after the payment of a given assessment and if he chose to do so on the terms otherwise stipulated in the constitution and by-laws he should not be required to contribute for losses that occur thereafter.

The present assessment under the constitution is admittedly levied for the purpose of liquidating the $2300 then outstanding against the company and for other losses that might probably accrue during the year thereafter. There is certainly no authority in the constitution or contract of insurance authorizing the levy of an assessment so far in excess of the losses theretofore accrued together with the necessary expenses, and under the established rule of decision the assessment must be regarded illegal.

Forfeitures are not favored in the law and before the courts will declare one it is essential for the party insisting up it to show strict compliance with every term said to afford the basis for thus summarily divesting the right. [21 Am. and Eng. Ency. Law (2 Ed.), 289; Lewine v. Sup. Lodge, 122 Mo. App. 547, 560, 99 S. W. 821.] It is axiomatic that a forfeiture cannot be declared for failure to pay an assessment which is illegal and not levied in accordance with the provisions of the charter of the company. [2 Cooley's Briefs on Insurance, 1871; In re People's Mut. Equitable Fire Ins. Co., 9 Allen (Mass.) 319; 21 Am. and Eng. Ency. Law (2 Ed.), 289; Beach on Insurance, sec. 159.] It not only appears that the assessment involved was made in amount nearly twice as great as that authorized by the constitution of the company, which was wholly unwarranted, but it appears as well practically all of the details prescribed for levying the assessment were omitted as though they were of no importance whatever. As we interpret the constitutional provisions, it is contemplated that the board of directors shall calculate the amount necessary to meet losses then accrued and defray the necessary expenses after which an assessment should be made for such amount. This assessment should be executed by the secretary of the company by extending the same pro rata against the total amount of property insured. Of course, an error of a few cents or a few dollars would not necessarily render

the assessment invalid for the reason that, however diligent, men may not always be precise about such matters; but it is a matter in which all of the policy holders have an interest and they are concerned to a considerable extent. It is not just to them for the board of directors to proceed in total disregard of the constitutional provisions and levy an assessment in a haphazard manner, without calculation whatever, in an amount far in excess of that essential to defray such obligations as they have undertaken to supply means to discharge. The provisions of the constitution requiring the secretary to execute the assessment by properly extending it pro rata against the various policies and policy holders and requiring this document to be signed by him and a majority of the board of directors and placed on file in the secretary's office is of importance, too, for the purpose of affording a valid basis of forfeiture when such is sought to be declared. Plaintiff and other policy holders have stipulated with the corporate entity and with each other to the effect that such document so signed and filed in the secretary's office shall be evidence that the several sums so assessed are due and payable to the company from the persons against whom they are assessed. The purpose is obviously to have the assessment and extension overlooked and attested by the directors and secretary in the interest both of equality and accuracy, and such was omitted. Until this is done there is no valid extension of the assessment as prescribed in the organic law of the company proceeding to levy the same, for there is no authority to levy an assessment and extend it against the policies in a manner other than that prescribed by the charter and by-laws of the company. When the rights of a policy holder are sought to be forfeited for nonpayment, it must be shown that every substantive detail prescribed in the charter for both the levy and enforcement of the assessment are substantially complied with. Until this is done there appears no valid ground

of forfeiture, for the law exacts a greater degree of precision in aid of such matters than that which avails in the ordinary affairs of life. [Baker v. Citizens' Mut. Fire Ins. Co., 51 Mich. 243, 16 N. W. 391; Planters' Ins. Co. v. Comfort, 50 Miss. 662; 21 Am. and Eng. Ency. Law (2 Ed.), 289; 2 Cooley's Briefs on Ins., 1871.]

At the conclusion of the trial plaintiff requested the court, in writing, to make a special finding of facts and conclusions of law under section 695, Revised Statutes 1899. That statute provides substantially that upon the trial of any question of fact by the court it shall not be necessary for the court to state its finding, except generally, unless one of the parties requests it with the view of excepting to the decision, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law. It has been ruled under this statute that the failure of the court to make such separate findings when requested by a party is reversible error, but in that and other cases declaring the rule the court found the issue against the party who had requested the special finding and omitted or declined to make the special finding which the statute enjoins in proper circumstances when requested. See Hamill v. Talbott, 72 Mo. App. 22. Defendant made no request whatever on the court for a special finding of facts under this statute but now complains and insists the judgment should be reversed for the reason the court omitted to comply with the plaintiff's request in that behalf. We are not persuaded to the view advanced by counsel, for, as we understand it, it is a rule throughout appellate procedure that one may not predicate error on appeal touching a matter which he has not brought to the attention of the trial court. Defendant was at liberty to require a special finding under the statute and if it had done so the court would have erred in refusing to accede to the request, but defendant

saw fit to waive its right in respect to this matter and it is now in no position to complain. The court, having found the issue for plaintiff, no doubt proceeded on the theory that plaintiff would not complain even if it gave no special finding of facts and conclusions of law. Plaintiff seems to be entirely satisfied with the judgment though the court omitted to comply with his request, and we are unable to perceive how defendant can be aggrieved by the failure of the court to make a special finding when it omitted to request it. By the plain terms of the statute, it intends only to confer the right of a special finding when the party requests it with the view of excepting to the decision. Exceptions may be saved or waived as the party desires at the time. If defendant desired a special finding, it should have requested it at the proper time with the view of excepting to the decision. Not having done so, it should be treated as having waived its right in the premises.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.