MINNIE E. BANGE, Appellant, v. SUPREME COUNCIL LEGION OF HONOR OF MISSOURI, Respondent.

St. Louis Court of Appeals, November 29, 1910.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Non-Payment of Assessments: Forfeiture: Notice. The laws of a fraternal beneficiary association required that every member should pay assessments within thirty days from the call; that a failure to do so before the first meeting of his council after the expiration of the thirty days operated to suspend the member, except that any council, by a majority vote, might authorize the payment of the member's assessment as a loan or gift from its funds, such payments being made within the thirty days specified. *Held,* that where a local council declined to pay a mem-

ber's assessment under a call, though having paid several prior assessments, such declination did not of itself forfeit the member's certificate, unless he had notice that the call had been made, or received notice of the forfeiture and acquiesced therein.

2. FORFEITURE: Not Favored: Notice. Forfeitures are not favored in the law and are, therefore, not to be allowed, unless it appears the party whose rights are sought to be thus summarily determined against him has had such reasonable notice as the law requires.

3. FRATERNAL BENEFICIARY ASSOCIATIONS: Non-Payment of Assessment: Forfeiture: Notice: Question for Jury. Whether a notice of an assessment on mutual benefit certificates was mailed to the insured's regular address as required by the policy, held for the jury.

4. ———: ———: ———: ———: Instructions. In an action against a fraternal beneficiary association, where insured, at the time the certificate was issued, resided in St. Louis, but afterwards went to Chicago, where he remained for some time seeking employment, an instruction that if insured's regular address at the time the call was made, for the non-payment of which he was suspended, was in Chicago, and not in St. Louis, where the notice was sent, yet if the notice of the call and suspension were forwarded to and received by insured in Chicago or actual notice thereof reached him, prior to his death and in time for him to have made application for reinstatement as a member, then the verdict should be for defendant, was erroneous for failing to instruct that, in the event the jury believed the notice was not mailed to insured's regular address, they must find that he actually received the same within the thirty days prescribed for payment by the company's by-laws, before a verdict for defendant would be proper.

5. ———: ———: ———: ———: Erroneously Addressed. Where the insured receives notice of an assessment levied by a fraternal beneficiary association in time to pay the same within the time prescribed by the by-laws, the fact that the notice was erroneously addressed would be immaterial.

6. ———: ———: ———: ———: ———. Where notice of an assessment levied by a fraternal beneficiary association is not mailed to the regular address of the insured, he ought not to be declared in default unless he received it in time to have paid the assessment within the time prescribed by the by-laws; for the mere deposit of a notice in the mail is insufficient where it is not mailed to the regular address of insured.

7. ———: ———: ———: Waiver. Where a fraternal beneficiary association was sued on a certificate and relied exclusively on

a forfeiture for the non-payment of a particular assessment after notice, and the judgment rendered was reversed on appeal, defendant would not, on retrial, be permitted to claim a forfeiture on the further ground of non-payment of a specified per capita tax.

8. **INSURANCE: Forfeiture: Waiver.** Where the insurer, while in possession of all the facts, omits to invoke a forfeiture and induces the beneficiary to enter upon the expenditure of a considerable sum of money or to materially change his position by litigating another matter relied upon as a defense, it waives the forfeiture.

9. ———: ———: ———: **Consent Necessary to Subsequent Invocation.** And such forfeiture, having once been waived, may not thereafter be invoked without consent.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

REVERSED AND REMANDED.

*James J. O'Donohoe* for appellant.

(1) The defense of suspension for the non-payment of dues has been waived by defendant denying liability and defending on other grounds. This defense comes too late on second trial in the circuit court. Carp v. Queen Ins. Co., 116 Mo. App. 543; Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104; Dolan v. Town Mutual Fire Ins. Co., 88 Mo. App. 666. (2) The issue of the certificate and Bange's death were proven upon the trial and the same made a prima facie right of recovery in appellant. Mulroy v. Knights, 28 Mo. App. 468; Stewart v. Legion of Honor, 36 Mo. App. 319; Forse v. Knights of Honor, 41 Mo. App. 106; Mulroy v. Knights, 28 Mo. App. 468; Chadwick v. Triple Alliance, 56 Mo. App. 474. And since the defendant failed to establish any of its affirmative defenses plaintiff's peremptory instruction should have been given. Gruwell v. Knights and Ladies of Security, 126 Mo. App. 496. (3) Neither section 2 of law 6 of defendant's laws touching the payment of dues, nor section 3 of said law

6 in reference to the payment of contributions is self-executing. Bange v. Supreme Council Legion of Honor, 128 Mo. App. 461; Seehorn v. Catholic K. of A., 95 Mo. App. 233; Puhr v. Grand Lodge, 77 Mo. App. 47; Lewis v. Benefit Ass'n, 77 Mo. App. 586; McMahon v. Maccabees, 151 Mo. 522. Defendant by its rules for the government of subordinate councils together with Lindsley's letter and its general course of dealing with Bange and the other members, waived the prompt payment of dues and contributions. Burke v. Grand Lodge A. O. U. W., 136 Mo. App. 450; Dolan v. Royal Neighbors of America, 123 Mo. App. 147; Andre v. Modern Woodmen, 102 Mo. App. 377; Cauveren v. Ancient Order of Pyramids, 98 Mo. App. 433; Courtney v. St. Louis Police Relief Ass'n, 101 Mo. App. 261; Frame v. Woodmen of the World, 67 Mo. App. 127; Knights of Pythias v. Withers, 177 U. S. 260. (4) The court erred in refusing to give plaintiff's instructions. And erred in giving defendants.

The instruction given by the court of its own motion is erroneous. Bange v. Supreme Council Legion of Honor, 128 Mo. 461; Meisenbach v. Supreme Tent, Knight of the Maccabees of the World, 119 S. W. Rep. 514. The burden of proving notice rests upon the party asserting its existence. 21 Am. and Eng. Ency. of Law (2 Ed.), p. 589; Bartlett v. Varner, 56 Ala. 580. No presumption that a letter reached the addressee arises unless it appears that the person resided in the city or town to which the letter was addressed. Goodwin v. Provident Savings Life Assurance Society, 97 Iowa 226, 66 N. W. R. 157, 32 L. R. A. 473.

*Kinealy & Kinealy* for respondent.

(1) The court correctly instructed the jury as to "regular address." Bange v. Sup. Council L. of H., 128 Mo. App. 461. (2) Even if the court's definition of

"regular address" should be held incorrect, this would be immaterial because under the instructions the jury must necessarily have found that the proper notices were sent to deceased addressed either 2637 Park avenue, St. Louis, or 2094 Wilcox avenue, Chicago, and plaintiff and her mother both swore that all mail that came to the Park avenue address for deceased was at once forwarded to him at the Chicago address by appellant. Appellant is bound by this testimony of herself and mother. Claflin v. Dodson, 111 Mo. 195; Bensberg v. Harris, 46 Mo. App. 404. (3) Deceased having admittedly paid no dues for the two last quarters of 1904, and having died February 19, 1905, he stood suspended at that time on account of non-payment of dues, regardless of the question as to contributions. (4) There is no plea in the replication of any custom as to giving notice of dues, even if such custom could be relied on to nullify respondent's laws. Hayden v. Grillo, 42 Mo. App. 1.

NORTONI, J.—This is a suit on a certificate of life insurance. The finding and judgment were for defendant and plaintiff prosecutes the appeal. The case was reviewed by the court on a former appeal. [See Bange v. Supreme Council Legion of Honor, 128 Mo. App. 461, 105 S. W. 1092.]

Defendant is a mutual benefit society operating under the lodge system of government and plaintiff's husband, Julius A. Bange, became a member of its local lodge, Irving Council No. 2, in the year 1902. Upon becoming associated with the order, it issued to him its certificate of insurance on his life payable at his death to his wife, the present plaintiff, in amount not exceeding $2000. At the time of effecting the insurance and until the 8th day of June, 1904, insured resided in the city of St. Louis where he had formerly been employed as a traveling salesman. He became unemployed, however, in the fall of 1903 and it seems remained so until about August, 1904, when he obtained a position in Chi-

cago as city salesman for a gents' patent collar. While thus unemployed, in the fall of 1903, insured abandoned housekeeping in St. Louis, stored his furniture in the basement beneath the residence of Mrs. Hobie, his wife's mother, with whom he and his wife and little boy took up their abode at 2637 Park avenue, St. Louis. The insured, together with his wife and child, continued to reside at this number with his mother-in-law until June 8, 1904, at which time he went to Chicago for the purpose of finding employment and locating there. Before leaving St. Louis, he paid up his contributions and dues in defendant order until July 1st of that year and overpaid the same to the extent of 'thirty-three cents, which amount remained on the books of the order to his credit. The insured omitted to pay the contributions which were called in aid of the insurance for the months of July, August and September, but his lodge, Irving Council No. 2, under a by-law authorizing it to do so, voluntarily paid these for him. When the October contribution was called, under the serial number of call 132, insured omitted to pay this as well and on the 9th day of November, thereafter, his council declared him suspended and the insurance involved forfeited for that particular default. Julius A. Bange, the insured, died in Texas, where he was engaged in traveling for a Chicago concern, on February 19, 1905, and this suit is prosecuted on the certificate of insurance, notwithstanding its alleged forfeiture and his suspension, as though the insurance continued in force because of defendant's failure to mail a notice of the call for contribution 132 and notice of the insured's suspension to his regular address, as the by-laws required. After admitting the issue of the certificate and other relevant facts, for a defense thereto, the answer pleaded the insurance therein vouchsafed had been forfeited and the insured suspended from membership in the order because of his failure to pay the contribution 132 called October 1, 1904.

Section 3 of law 6, general laws of defendant order, provides substantially that every member shall pay the amount of his contribution to the relief fund within thirty days from the date of the call therefor and any member failing to pay the same on or before the first meeting of his council, after the expiration of said thirty days, shall stand suspended from the order and from all benefits therefrom. It is further provided therein, however, that any council may, by a majority vote of its members present at the meeting, authorize the payment of the member's contribution as a loan or as a gift from its funds, but such payments must be made within the thirty days therein specified.

When the cause was here on the former appeal, we interpreted this by-law to the effect that it is not self-executing in operating the suspension of the member and a forfeiture at the end of the thirty days therein referred to, as the custom obtains thereunder, with defendant's consent, to await the next meeting of the council and its failure to pay the contribution for the member. In the present case, the council paid the contributions for the insured which were called in July, August and September, but on November 9th declined to pay call No. 132 for October. But this of itself does not operate a forfeiture of the insurance unless the insured had notice, actual or constructive, that the call, for the nonpayment of which the forfeiture was declared, had been made, or thereafter received notice of the forfeiture and acquiesced therein. Forfeitures are not favored in the law and are therefore, not to be allowed unless it appears the party whose rights are sought to be thus summarily determined against him has had such reasonable notice as the laws require. [Settle v. Farmers', etc., Ass'n, 150 Mo. App. 520, 131 S. W. 136.] As to notices touching contributions called by the order, it is provided in its laws that it shall become the duty of the member to pay the same within thirty days after being notified by the recorder of his council. The notice re-

ferred to is sufficient, however, if directed by the recorder to the "regular address" of the member and deposited in the postoffice. The evidence is conclusive to the effect that no notice of the call for which the forfeiture was declared and no notice of the fact that the forfeiture had been declared and the member suspended was ever mailed by defendant's officers to the insured at Chicago, though it does appear such notices were mailed by the recorder of the local council and the proper officer of the Supreme Council to the address, 2637 Park avenue, St. Louis, where the insured resided prior to going to Chicago. As before stated, the regular address of the insured up to June 8, 1904, was undoubtedly at 2637 Park avenue, St. Louis, for he, together with his wife and child, resided there at that time. It appears Mr. Lindsley, the recorder of Irving Council No. 2, knew this fact and mailed the regular notices of calls to the insured at that number, but on June 8, 1904, insured, having been unsuccessful in obtaining a position in St. Louis, went to Chicago in search of employment and thereby changed his regular address to 2094 Wilcox avenue, Chicago. Mrs. Bange, his wife, went to Chicago in July and remained there with her husband for about six weeks and until the early part of September, when she returned to her mother's at 2637 Park avenue, St. Louis, because her husband had not yet obtained employment and was unable to furnish her a home with him. There is testimony tending to prove the insured resided with his sister in Chicago at 2094 Wilcox avenue from June 8, 1904 until January 26, 1905, when he left there for Texas to travel for the Swift Packing Company, with whom he had obtained employment in Chicago. It appears by the uncontroverted proof that the recorder of Irving Council No. 2, Mr. Lindsley, knew at one time the insured resided at 2094 Wilcox avenue in Chicago, for he admits in his testimony that he received a letter from the insured conveying this address while

153 App—11

there pertaining to his insurance and a letter in evidence from Mr. Lindsley to the insured, dated August 18th, is addressed to the insured at 2094 Wilcox avenue, Chicago. This letter from Mr. Lindsley to the insured assures him that the council would pay his assessments for a reasonable length of time. The letter further expresses the hope that insured would find employment and requested the insured to present the regards of the writer to Mrs. Bange. It appears clearly from this that the recorder of Irving Council No. 2 not only knew the insured was in Chicago and living at 2094 Wilcox avenue at that time but knew as well that his wife was with him there in August. It is in testimony, too, that Mr. Lindsley, the recorder, called at the home of Mrs. Hobie, 2637 Park avenue in St. Louis, several times during the fall of 1904 after Mrs. Bange had returned from Chicago in September and conversed with her as to the matter of the insured's contributions which were then being carried by the council. Besides Mrs. Hobie, the insured's mother-in-law, told him Bange's address in Chicago and he knew that the insured was not living at 2637 Park avenue in St. Louis, for he was not there when Lindsley called. After the insured went to Chicago in June, he first obtained employment as city salesman for a gents' patent collar but it seems this employment did not prove to be remunerative and he was unable to maintain his family there. The proof is, that because of this fact, Mrs. Bange returned to her mother's in St. Louis to await her husband's obtaining something more substantial. For a few weeks prior to Christmas, 1904, the insured was employed as a floor walker in Marshall Field's store in Chicago and finally succeeded in obtaining employment with the Swift Packing Company, in whose service he went to Texas January 26, 1905, where he died on February 19th thereafter.

A witness testified that he saw Mr. Bange in St. Louis several times during the winter before he died, but there is no pointed statement in his testimony indi-

cating that Bange's regular address was 2637 Park avenue, St. Louis, after June 8, 1904, for he did not speak on that subject. Both Mrs. Bange and her mother gave testimony to the effect that he came to St. Louis twice from Chicago, during the interim, to visit his family. On November 18, which was Mrs. Bange's birthday, the insured came to St. Louis, visited her and returned to Chicago the following night. Again, on January 23, 1905, he came from Chicago to St. Louis and spent two days with his family immediately prior to embarking on his tour in Texas.

When the case was here on a former appeal, the court declared the by-law requiring notice to be sent to the "regular address" of the member to intend that the notice shall be mailed to the address where the member will be likely to get it, if such address is known to the recorder. [Bange v. Supreme Council Legion of Honor of Mo., 128 Mo. App. 461, 473, 105 S. W. 1092.]

As it is conceded that notice of assessment No. 132 was not mailed by defendant to Bange's Chicago address, it is argued the court should have directed a verdict for plaintiff on that score. The argument is, that in accordance with the views expressed on the former appeal the evidence is conclusive that 2637 Park avenue was not Bange's regular address, for though his wife and child resided there with her mother, his regular address was in Chicago, where he was seeking employment. We have duly weighed this argument and believe, in view of other portions of Lindsley's testimony, it is a matter for the jury. The case concedes Lindsley knew Bange's address in Chicago in August and no doubt for some time thereafter, but the evidence is not conclusive as to his knowledge on the subject in October, when the call for assessment No. 132 was issued. Lindsley, the recorder, testified he did not know Bange's address at this time, for Mrs. Bange informed him when he called to see her about the contributions that her husband had accepted employment in Chicago, lost

his position and "disappeared." The witness said he then considered him a "bird of passage." It is true the question is not one of domicile and does not necessarily turn on the intention of Bange, but, nevertheless, in so far as the rights of the parties to this record are concerned, Lindsley was justified in accepting plaintiff, Mrs. Bange's, statement made at or immediately prior to October 1st that her husband had "disappeared," and conduct himself as though 2637 Park avenue was his regular address thereafter. The matter is to be considered in view of the fact that Bange and his wife were not separated and that she, his child and all of their household effects were at 2637 Park avenue, for if Bange had disappeared from Chicago and abandoned his address there, then 2637 Park avenue St. Louis would be the place where he would most likely receive his mail and expect it to be addressed. In view of this testimony, and the considerations suggested, we believe Bange's regular address under the circumstances of the case was a question for the jury.

The court instructed the jury that one of the questions which it should determine was whether, during the months of October and November, 1904, the regular address of Julius A. Bange was at 2637 Park avenue in the city of St. Louis or at 2094 Wilcox avenue in Chicago, Illinois; that the by-laws governing defendant required the recorder of Irving Council No. 2 to send notices of contributions, which Bange was required to pay, to his regular address, and that by the words "regular address," as used in the by-laws, is intended the place where the member is known by the recorder most likely to receive his mail; that is the place where he is known to expect his mail to be addressed to him and where he usually receives it, although he may not always be present at such place; that in determining whether, at the time mentioned, the regular address of deceased was 2637 Park avenue, St. Louis or 2094 Wilcox avenue, Chicago, the jury should take into consideration all of

the facts and circumstances in evidence tending to show whether deceased expected regularly to receive his mail at one place rather than the other, in the absence of any special direction, and also tending to show what knowledge or information, if any, the recorder of Irving Council No. 2 had of this intention. The jury was also told in the same instruction that if it believed from the evidence that No. 2637 Park avenue in St. Louis was the regular address of deceased at the time mentioned above and that the recorder of Irving Council, on or about the first day of October, 1904, deposited in the United States mail, postage prepaid, addressed to the deceased at such place, a notice or call for the contribution due from him for the month of October, 1904; that said contribution was not paid by deceased or any person for him, on or about the first meeting night in November, 1904, and that thereupon he was suspended by said council at said meeting for the non-payment of said contribution and that notice of such suspension was deposited in the mail by the Supreme Recorder of defendant, postage prepaid, and addressed to deceased at said number on Park avenue, in St. Louis, and that thereafter deceased made no application to be reinstated in said council prior to his death, then the verdict should be for defendant. We believe so much of the instruction was sufficient, for there was evidence tending to support all of the propositions hypothesized there, though we have not mentioned it all, as some portions are unimportant on this appeal. But the succeeding paragraph of the instruction we deem to be unsound, for it omits to inform the jury that if Bange received notice of the assessment by its being forwarded to him in Chicago, he was not bound by it, as a predicate for the forfeiture of his rights, unless he received it in time to have paid the assessment within the thirty day limit prescribed in the by-law. When the case was here on the former appeal, it was ruled, in view of the testimony of Lindsley about sending notice of the call to 2637 Park avenue and the

testimony of Mrs. Hobie, deceased's mother-in-law, that all mail received there for Bange was promptly forwarded to him in Chicago, the jury might infer that Bange actually received such notice, though it was not directed to his regular address. On this hypothesis, if he did so receive the notice through the process of forwarding in time to pay during the thirty days allowed him by the by-law for that purpose, the mere circumstance that the notice was erroneously addressed would be immaterial. [Bange v. Sup. Council Leg. of Honor of Mo., 128 Mo. App. 461, 473, 474, 105 S. W. 1092.] By the concluding paragraph under discussion, the court directed the jury that although it should believe from the evidence the regular address of the deceased at the time mentioned was 2094 Wilcox avenue, Chicago, and not 2637 Park avenue, St. Louis, yet if it found that the notice of the contribution and of the suspension were forwarded and received by deceased at his regular address in Chicago or that actual notice thereof reached him in any manner prior to his death and in time for him to have made application for reinstatement as a member, then the verdict should be for defendant. This portion of the instruction authorized a verdict for defendant if the jury found Bange received a notice which had been directed to 2637 Park avenue, St. Louis and perchance had been forwarded by his mother-in-law though he did not receive it until after the thirty days' limit for payment prescribed in the by-law had expired. It hypothesizes a case which concedes Bange's regular address to have been in Chicago and that notice mailed to Park avenue, St. Louis, was not a performance of the condition prescribed by the by-law on which a forfeiture may be declared. In those circumstances, when the notice is not mailed to the regular address, the insured ought not to be declared in default unless he received the notice in time to have protected his insurance within the thirty day limit, for the mere deposit in the mail is insufficient when the notice is not mailed to the reg-

ular address.  In other words, unless the jury find the fact to be that he received the notice through its being forwarded in time to have paid the assessment within the thirty day limit therefor, the rights of the insured ought not to be forfeited as for his default.  This error is material, for it may be the jury found the notice was forwarded and though not received until after the thirty days had expired, considered it a sufficient basis for the forfeiture.

One of defendant's by-laws required each member to pay dues and per capita tax at the rate of $1.50 per quarter.  Another section provides that any member who should become six months in arrears with respect to such dues shall stand suspended.  These by-laws may be self-executing as there seems to be no provision for notice.  But whether they are or not it is unnecessary to examine minutely, for that they are self-executing will be conceded but not decided.  It appears the insured, Bange, omitted to pay his dues and was six months in arrears February 1st, 1905.  He died February 19, of the same year.  It is argued that the insured's membership and insurance were forfeited because of this fact.  Had a forfeiture of the insurance been predicated on this ground in the first instance, it may be the argument would prevail, but, as it is, defendant must be treated as having waived the matter, for it appears no such question was raised in the original answer nor until after the case had been tried and the judgment reversed on the former appeal.  After the cause was remanded, defendant filed an amended answer by which, for the first time, it invoked a forfeiture for the non-payment of dues.  Plaintiff joined issues with defendant on the first answer which set forth a forfeiture solely on the ground of non-payment of contribution No. 132 after notice thereof and a trial was had with respect to that matter.  On that issue alone, the court on the former trial directed a verdict for defendant and thus entailed the expense and trouble of an

appeal to this court, which reversed and remanded the case as will appear by reference to Bange v. Sup. Council Leg. of Honor of Mo., 128 Mo. App. 461, 105 S. W. 1092. There can be no doubt of the proposition that a forfeiture may be declared waived, if it appears the insurer, while in possession of all the facts with respect to the matter, omits to invoke it and induces the beneficiary to enter upon the expenditure of a considerable sum of money or materially changes his or her position by litigating another matter relied upon as a defense. Such conduct on the part of the insurer introduces an element of estoppel and renders the waiver complete. [2 Bacon on Benefit Societies (3 Ed.), sec. 423; Carp v. Queen Ins. Co., 116 Mo. App. 528, 542, 544, 545, 92 S. W. 1137.] So it is in this case, defendant having relied exclusively upon a forfeiture for the non-payment of contribution No. 132, after notice, on the former trial and appeal, will not now be permitted to invoke a forfeiture on a new and distinct ground with respect to the facts of which it was fully advised when the first answer was filed. [See Carp v. Queen Ins. Co., 116 Mo. App. 528, 542, 543, 92 S. W. 1137.] The matter having been once waived may not be invoked thereafter without consent. [Porter v. German Am. Ins. Co., 62 Mo. App. 520.] The judgment should be reversed and the cause remanded. It is so ordered. *Caulfield, J.,* concurs. *Reynolds, P. J.,* not sitting.