BEEBE *v.* MICHIGAN BANKERS & MERCHANTS FIRE INSURANCE CO.

1. INSURANCE—FIRE INSURANCE—FORFEITURE—WAIVER.
   Forfeiture of fire insurance policy for failure to pay second annual premium when due was waived by insurer's accepting and retaining partial premium payment.

2. SAME—CANCELLATION OF POLICY—BURDEN OF PROOF.
   In action on fire insurance policy, where defense was cancellation of policy, defendant had burden of proving cancellation.

3. APPEAL AND ERROR—CANCELLATION OF POLICY—BURDEN OF PROOF.
   Finding of trial court that defendant did not sustain burden of proving cancellation of fire insurance policy is not disturbed, on appeal.

Appeal from Eaton; McPeek (Russell R.), J. Submitted April 12, 1933. (Docket No. 106, Calendar No. 37,050.) Decided May 16, 1933.

Assumpsit by O. L. Beebe against Michigan Bankers & Merchants Mutual Fire Insurance Com-

pany on a fire insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Rarden & Rarden* (*Benn M. Corwin*, of counsel), for plaintiff.

*William J. Branstrom*, for defendant.

CLARK, J. Defendant issued to plaintiff a policy of fire insurance on April 12, 1929, the premium for the first year being paid. On or near the renewal date a statement of premium due was sent to plaintiff. He did not pay. On August 30, 1930, he paid to an agent $15 on premium account, which was received and accepted by defendant.

On December 17, 1930, an officer of the defendant called on plaintiff, who was then unable to pay. The officer testified the policy was then canceled and that this was confirmed on December 20, 1930, by letter. Plaintiff denied cancellation as of December 17th and denied receiving the letter. There is evidence of writing the letter, but no satisfactory evidence that it was actually mailed. On April 5, 1931, the property was destroyed by fire. This suit on the policy followed. Plaintiff had judgment in a trial without a jury. Defendant has appealed.

Forfeiture for failure to pay the second annual premium when due was waived by accepting and retaining the partial premium payment. The insured was led to believe and had a right to believe that his policy was still in force.

The finding of the trial judge that there was in fact no cancellation of the policy on or near December 17, 1930, must be sustained. What happened on that day when the officer called on the defendant is flatly in dispute. Admittedly, the defendant had the burden of proving cancellation, and the finding

of the trial judge that the burden was not sustained as to this matter cannot be disturbed. It is clear defendant did not sustain such burden in respect of its assertion of cancellation by mail. Evidence of cancellation of reinsurance if considered would not change the result.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.