## FEDERAL LIFE INS. CO. v. RUMPEL.
### No. 7605.

Circuit Court of Appeals, Sixth Circuit.
March 9, 1939.

SIMONS, Circuit Judge, dissenting.

———◆———

C. P. Head, of Detroit, Mich. (Walters, Carmichael & Head, of Detroit, Mich., on the brief), for appellant.

Frank T. Hinks, of Detroit, Mich. (Lynch & Hinks, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a judgment of $5,285.74 on an insurance policy rendered against appellant upon a verdict directed by the trial court.

On May 24, 1928, Kurt G. Rumpel procured from the appellant, Federal Life Insurance Company, an insurance policy on his life for the principal sum of $5,000 with an annual premium of $154.70 payable quarterly. His wife, Victorine B. Rumpel, appellee, was beneficiary.

The policy provided for a thirty-day grace period, without interest, for the payment of premiums except the first, during which time it continued in full force and effect. They were payable at the home office of the Company in Chicago or to suitable persons authorized to receive them at other places.

It also provided that if any premium or part thereof was not paid when due or within the period of grace, the policy became void except the reserve, if any, in it, plus dividends would be applied to its extension for its face amount. It was provided that the policy and the application therefor taken together constituted the entire contract which could not be varied nor any of its terms waived except in writing indorsed thereon and signed by the president or secretary of the Company at its home office.

The assured borrowed on his policy and on August 18, 1933, was advised by the Company that he was indebted on it with accrued interest and other charges in the amount of $318.42 with interest paid on his loan to April 5, 1934.

After borrowing on the policy he was unable to keep up the current premiums in cash, and prior to January 5, 1934, gave a premium note to the Company which contained a provision that if it were not paid on or before January 5, 1934, maturity date, its non-payment would lapse the policy. It was not so paid but the Company sent out the regular premium notice to the assured that a quarterly premium would be due on January 5, 1934, which he received, calling his attention to the fact that he had thirty days' grace for payment. After receipt of this notice, assured was negotiating with an agent of the appellant seeking a policy with a lesser premium in lieu of the one in suit. Appellant retained the notes of the assured at the time of his death and the policy as security therefor.

Assured died February 3, 1934, and his beneficiary, Victorine B. Rumpel, sued to recover the face of the policy, claiming that it had not lapsed. On the foregoing facts,

each of the parties requested a directed verdict and the court peremptorily instructed the jury to find for the appellee, $5,285.74.

The single issue for decision is whether the lower court had substantial evidence before it to show that the insurer was estopped to assert that the policy sued on was forfeited before maturity for the non-payment of premiums.

The punctual payment of insurance premiums when due is the essence of the contract and failure on the part of the assured to pay within the terms of the policy in the absence of a waiver amounting to an estoppel expressly made or arising by reasonable implication, results in forfeiture of the policy. After default in premium payment and a consequent lapse of the policy, notice to the assured of such default and of the insurer's intention to declare a forfeiture are unnecessary in the absence of a statute or contract proviso requiring notice as otherwise the forfeiture provision is self executing.

If the insurance company at the time for forfeiture for non-payment of premiums or subsequent thereto takes a position with the assured which is inconsistent with its contract right to forfeit, and the evidence, or reasonable inferences therefrom, show that the assured was misled to his damage by such acts of the insurer, and the policy matures while the assured by reason of insurer's conduct is under the belief his contract is in force, it is liable. The ground upon which this rule rests is that the insurer should not insist upon a forfeiture and at the same time treat the contract as in force. The insurer, for whose benefit the forfeiture provision was made, has the unqualified right to waive it which need not be in writing, but may be inferred from its acts notwithstanding a provision in the policy contract that any waiver must be in writing indorsed thereon. Compare Grigsby v. Russell, 222 U.S. 149, 157, 32 S.Ct. 58, 56 L.Ed. 133, 36 L.R.A.,N.S., 642, Ann.Cas.1913B, 863; Thompson v. Knickerbocker L. Insurance Company, 104 U.S. 252, 261, 26 L.Ed. 765; Globe Mutual Life Insurance Company v. Wolff, 95 U.S. 326, 333, 24 L.Ed. 387; Knickerbocker L. Insurance Company v. Norton, 96 U.S. 234, 244, 24 L.Ed. 689; Ruddock v. Detroit Life Insurance Company, 209 Mich. 638, 177 N.W. 242; Olmstead v. Farmers Mutual Fire Insurance Company, 50 Mich. 200, 15 N.W. 82; Cochran v. National Casualty Company, 261 Mich. 273, 246 N.W. 87; Beebe v. Michigan Bankers' & Merchants' Mutual Fire Insurance Company, 263 Mich. 151, 248 N.W. 578; Weller v. Manufacturer's Life Insurance Company, 256 Mich. 532, 240 N.W. 34; Baker v. Citizens' Mutual Fire Insurance Company, 51 Mich. 243, 16 N.W. 391; Hetchler v. American Life Insurance Company, 266 Mich. 608, 254 N.W. 221; Kitchen v. Hartford Fire Insurance Company, 57 Mich. 135, 23 N.W. 616, 58 Am.Rep. 344; Stubbs, Admrx. v. Philadelphia Life Insurance Company, 151 S.C. 326, 149 S.E. 2, 83 A.L.R. 830.

The policy was issued to the assured May 24, 1928, and on August 5, 1933, he gave his thirty-day note for $35.20 for the quarterly premium due then and on October 5, 1933, gave his ninety-day note for $40.20 for the premium then due. The next premium of $40.20 fell due January 5, 1934. On October 18, 1933, the Company advised the assured that it was making new charges against the policy reserve. It stated in its notice "these charges take care of your premium to July 5, 1933, and interest on the loans to April 5, 1934." Nothing was said in this communication that the Company would insist on the forfeiture provisions of the policy. The policy reserves would have carried it without further payment of premiums to December 5, 1933, with interest.

The premium notes carried a penalty of policy forfeiture if not paid at maturity with the right of the Company to collect them out of policy reserve or cash surrender value and if not thus paid the assured became indebted to the Company for so much of the notes from date made to maturity together with interest as they bore to the total premium for which given.

With these notes outstanding and unpaid the Company mailed the assured its form notice of the $40.20 quarterly premium due January 5, 1934, and advised him "the time allowed for payment will expire thirty days from the date shown herein. Life Insurance is intended to begin when you quit. Stick to your policy." Within the thirty days the assured commenced negotiations with the insurer for a new policy with lower premium rates in lieu of the old, which negotiations were not completed at his death.

The rule is well settled that even when the facts are undisputed, if reasonable men

may draw different conclusions from them, the case should be left to the jury. Richmond & Danville Railroad Company v. Powers, 149 U.S. 43, 47, 13 S.Ct. 748, 37 L. Ed. 642.

From the facts above stated the jury might have reasonably inferred that the Company had taken a position with the assured inconsistent with its contract right to forfeit the policy and it likewise might have inferred that the assured was misled to his damage by reason of such acts on the part of the insurer.

At the conclusion of appellee's evidence the appellant moved the court for a directed verdict, which it overruled and granted an exception. Appellant's counsel thereupon stated to the jury the facts it expected to prove in defense, and at the conclusion of counsel's statement, the appellee moved for a directed verdict on the assumption that the statement of counsel disclosed no defense.

The court accepted the statement of facts by appellant's counsel as though proven and directed a verdict for the appellee on her motion. Appellant made no suggestion that there was a material fact in dispute and failed to request the court to submit any issue to the jury. It took only a general exception to the court's charge. Oscanyan v. Arms Co., 103 U.S. 261, 278, 26 L.Ed. 539.

 The fact that a party at the close of a case moves the court to direct a verdict in his favor does not always operate to waive any right he may have to a jury verdict. Such motion may be made upon the theory that some controlling proposition of law would require a decision in the party's favor, although some, if not all, of the disputed questions of fact were decided in favor of the opposite party. If the court disagrees, the party is entitled to have his hearing before the jury upon any disputed issues of fact unless he waives his right or the court is justified in concluding that he concedes there is no disputed fact. In a case where both sides move for a directed verdict and motion is granted and the defeated party takes a general exception, he concedes there is nothing material for the jury to pass upon.

 Both parties here had unreservedly asked the court to instruct a verdict and under such circumstances it is assumed both affirm there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts and the parties are therefore concluded by the finding made by the court upon which the resulting instruction of law was given. Beuttell v. Magone, 157 U.S. 154, 160, 15 S.Ct. 566, 39 L.Ed. 654; Lehnen v. Dickson, 148 U.S. 71, 13 S.Ct. 481, 37 L.Ed. 373; Aetna Insurance Company v. Kennedy, 301 U.S. 389, 396, 57 S.Ct. 809, 81 L.Ed. 1177.

 The rule prevails in the State of Michigan that where both parties have asked for a directed verdict in the trial court, neither may insist on appeal, that the case should have gone to the jury and if the court's decision is right in law and supported by substantial evidence, the judgment must be affirmed. Hemphill v. Orloff, 238 Mich. 508, 213 N.W. 867, 58 A.L.R. 507.

 The lower court being empowered to pass upon the facts necessary to a decision, this Court is bound to accept the fact conclusions of the trial court so far as supported by any substantial evidence. Aetna Insurance Co. v. Licking Valley Milling Co., 6 Cir., 19 F.2d 177.

 It cannot be urged that the appellant is not bound as in the case of joint motions for directed verdicts because the court first overruled its motion and the only question remaining is whether it properly sustained appellee's motion under ordinary rules. Counsel for appellant remained passive and made no effort to withdraw its motion when appellee made her motion, and the court passed upon both contemporaneously. Cudahy Packing Company v. City of Omaha, 8 Cir., 24 F.2d 3.

 In our opinion the judgment of the lower court is supported by substantial evidence and is affirmed.

SIMONS, Circuit Judge (dissenting).

I am unable to concur in the decision. The issue before the court was whether the insurer was estopped upon non-payment of premium notes to insist on the forfeiture provisions of the policy and the notes by a form notice of the due date of a subsequently due premium which contained the usual admonition with respect to the grace period. The court directed a verdict for the plaintiff, and the majority opinion treats the inquiry on appeal as limited to whether there was substantial evidence to support the directed verdict, after concluding that both parties had made motions for peremp-

tory instructions. Assuming a reasonable inference to arise from notice of the grace period that the insurer had waived forfeiture, the opinion concludes that the assured was misled by it to his injury, since the granting of the peremptory instruction forecloses any consideration of the question by us.

The insurer moved for a directed verdict at the conclusion of the plaintiff's evidence. Its motion was denied. It then proceeded to offer evidence in its own behalf. The court accepted its statement of facts as though proven. The opinion applies the rule that where both sides move for a directed verdict, one of the motions is granted and the defeated party without reservation takes but a general exception, he concedes there is nothing material for the jury to pass upon. Beuttell v. Magone, 157 U.S. 154, 160, 15 S.Ct. 566, 39 L.Ed. 654. It is a highly technical application of the rule which ignores wholly its philosophy and the history of its development. As stated in the leading cases, the rule is based upon an implication that where such concurrent motions are made there are no disputed facts for submission to the decision of the jury. It is subject, however, to this limitation: That where the request for directed verdict is coupled with a reserved right to submit issues to the jury, no waiver of trial by jury results. General Tire Co. v. Standard Accident Insurance Co., 8 Cir., 65 F.2d 237; Continental Casualty Co. v. Shankel, 10 Cir., 88 F.2d 819. Moreover, it has always been held that where a defendant after the denial of his motion for directed verdict at the conclusion of the plaintiff's evidence goes forward with his defense, he waives his motion and can base no claim of error upon its denial. Order of United Commercial Travelers v. Elliott, 6 Cir., 65 F.2d 79.

In any event a "request made to the court by each party to instruct the jury to render a verdict in his favor was not equivalent to a submission of the case to the court without the intervention of a jury, within the intendment of sections 649, 700, Rev.St." Beuttell v. Magone, supra [157 U.S. 154, 15 S.Ct. 567].

The limitations of the rule are based upon reason. If the party making the motion doesn't stand upon it, it is no longer of avail to him unless thereafter renewed, and receiving no advantage he should suffer no penalty. The procedural consequences that follow submission of facts to the court through concurrent motions were never thought to follow where the proceedings were such as to indicate that notwithstanding the motion there exists a disputed issue of fact to be decided by the jury. As was said by Mr. Justice Holmes in Sena v. American Turquoise Co., 220 U.S. 497, 501, 31 S.Ct. 488, 490, 55 L.Ed. 559, "As both parties moved for a ruling, and as there was nothing more, according to Beuttell v. Magone, 157 U.S. 154, 15 S.Ct. 566, 39 L.Ed. 654, it stood admitted that there was no question of fact sufficient to prevent a ruling being made." Here a question of fact was submitted to the court by the defendant after the denial of its motion for directed verdict. An issue was presented in respect to whether the insured was misled to his injury by the notice. Without such fact being established there could be no estoppel.

To foreclose the defendant from having this issue submitted to the jury by a rule of procedure, which technical in the beginning is now given a refinement, neither required by the circumstances nor responsive to the reasons which brought it into being, is out of harmony with the modern trend toward simplification and clarification of procedural rules.

The harshness of the rule has now been mitigated. Rule 50 of the Rules of Civil Procedure promulgated by the Supreme Court, 28 U.S.C.A. following section 723c, now frees litigants from the tragic consequences of motions for directed verdict made without reservation. Recognizing that lawyers unacquainted with the Federal rule are frequently tricked by it, Rule 50 was designed to put the general practitioner on an equal basis with the Federal specialist. See Notes to Rule 50, 2 Edmunds, Federal Rules of Civil Procedure, 1259. In present circumstances there was no failure of reservation of the right to go to the jury. When the defendant proceeded to offer evidence, notwithstanding his motion and its denial, that was the full equivalent of an express reservation of issues to go to the jury.

If this is sound, then the court was in error in granting the plaintiff's motion for a directed verdict and should have submitted the issue to the jury. Granting the reasonableness of an inference that the insured was misled to his injury by the notice of grace, the defendant offered to prove

that the insured knew his insurance had terminated. With the inference on one side and the proffered evidence on the other, a clear question of fact was presented, and this was made plain to the court. In such situation the failure to make specific an exception to the court's direction is of no moment. United States v. LaFranca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551; Standard Oil Co. of Kentucky v. Noakes, 6 Cir., 59 F.2d 897; Routzahn v. Petroleum Iron Works, 6 Cir., 56 F.2d 938, 939.

The judgment should be reversed and the case remanded for new trial.