COCHRAN v. NATIONAL CASUALTY CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   In determining whether trial court was in error in refusing to
   direct verdict for defendant, facts must be taken by Supreme
   Court most favorably to plaintiff.

2. ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT—PART
   PAYMENT—CONSIDERATION.
   Where there is no dispute between parties as to liability or
   amount, agreement to discharge whole debt on payment of part
   is without consideration, payment is *pro tanto*, discharge is
   not operative, and tender back is not required as condition of
   suit.

3. INSURANCE—DEFAULT—ESTOPPEL.
   Where, for over three years, insurer's agent called on insured
   and collected monthly premiums due on health and accident
   policy, insured may not be held in default on collector's
   abandonment of plan and failure to collect without notice to
   insured that payments must be made elsewhere, if insured was
   always able and willing to pay.

4. SAME—NONPAYMENT—FORFEITURE—ESTOPPEL.
   Where insurer's agent, in handling health and accident claim,
   deducted monthly premiums from insured's benefit check, and,
   in subsequent claim, stated that he would handle it as he had
   in former claim, insurer is estopped from claiming forfeiture
   for nonpayment pending adjustment of claim.

5. SAME—FAILURE TO FURNISH DOCTOR'S REPORTS.
   Where insured was informed by insurer's agent that he would
   attend to furnishing of periodical doctor's reports, as he had
   done before, insurer is estopped from denying liability because
   of insured's failure to furnish such reports.

6. SAME—ESTOPPEL.
   Where insurer failed to deny liability on health and accident
   policy, when claim was made, because of insured's failure to
   furnish doctor's certificates, it is estopped from denying lia-
   bility on said ground.

---

As to payment of part of a liquidated and undisputed debt as a
consideration for the discharge of the whole, see annotation in 20
L. R. A. 788; 11 L. R. A. (N. S.) 1018; 21 L. R. A. (N. S.) 1005;
L. R. A. 1917A, 719.

On effect of custom to give insured notice of maturity of premium,
see annotation in 20 L. R. A. (N. S.) 1037.

7. Same—Additional Benefits.

   Where health and accident policy provided that, if continued in
   force, certain per cent. would be added to benefits for each
   period of three consecutive months immediately preceding acci-
   dent or illness, and policy continued in force, insured was
   entitled to said additional benefits.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 12, 1932. (Docket No. 75, Calendar No. 36,771.) Decided January 3, 1933.

Assumpsit by James C. Cochran against National Casualty Company, a corporation, for sums alleged to be due on a health and accident insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

Fead, J. Plaintiff had verdict of a jury and judgment in suit on a health and accident insurance policy. Defendant contends the court should have directed a verdict in its favor. This being the only claim of error, the facts must be taken most favorably to plaintiff.

Clarence Wilfong, defendant's agent to solicit policies and collect premiums, solicited plaintiff's policy, which was issued January 30, 1928. He told plaintiff he would call for the premiums every month. He or his representative called at plaintiff's home and collected premiums for over three years.

In May, 1929, plaintiff sustained a broken leg and was disabled for 60 days. Defendant paid him $150, through Wilfong, deducting two months' premiums from the final payment, as Wilfong did not collect during plaintiff's disability. Wilfong han-

dled the matter, and obtained the necessary doctor's certificates of the injury.

March 20, 1931, plaintiff contracted pneumonia, and was incapacitated until May 13th. The March premium had been paid. On April 22d, when $75 was due plaintiff, defendant issued to him a check for $50, which Wilfong delivered to plaintiff at the hospital. The check contained a writing to the effect that its indorsement by the payee should be considered as full compromise and settlement and release and payment of all claims under the policy for the pneumonia or any continuance or effects thereof. Plaintiff, whose eyes were affected by the illness, said he did not read the writing, but indorsed the check, and his wife cashed it. There was no talk of settlement or compromise at the time, and Wilfong said the writing might have been a mistake on the part of the insurance company.

Wilfong also told plaintiff the company would settle with him as it had before, and that he, Wilfong, would fill out the final blanks when the doctor released plaintiff.

Wilfong did not call for the April, May, or June premiums, nor obtain the doctor's certificate of discharge of plaintiff from treatment. Plaintiff was always ready to make payment. He tried to get in touch with Wilfong but could not.

June 12th plaintiff had an accident which resulted in loss of an eye. Wilfong was notified, and then made the claim that the policy had lapsed for failure to pay the premiums.

July 14th plaintiff wrote defendant for payment of the balance of the pneumonia claim and for adjustment of the eye injury. Defendant replied, claiming, first, that the check for $50 was in full settlement and release of the pneumonia liability, and, second, there was no liability for the eye injury

because the policy had lapsed for nonpayment of premiums.

Defendant urged these grounds on motion for directed verdict, and also that plaintiff had not furnished periodical doctor's reports required by the policy.

The policy also provided that, if continued in force by payment of premiums on or before the due dates, five per cent. would be added to the benefits for each period of three consecutive months immediately preceding the accident or illness.

Plaintiff had verdict of a jury for balance of the pneumonia claim, for the eye injury, and the accumulated additions.

The $50 check was not given and received in compromise. There was no dispute between the parties. Admittedly $75 was then due plaintiff under the policy. The cases relative to the finality of a settlement or the necessity for tender back on compromise, induced by fraud or in case of dispute, are not applicable. The pertinent rule is that where there is no dispute between the parties as to liability or amount, an agreement to discharge the whole debt on payment of part is without consideration, the payment is *pro tanto*, the discharge is not operative, and tender back is not required as a condition of suit. *Leeson* v. *Anderson,* 99 Mich. 247 (41 Am. St. Rep. 597) ; *People, for use of Zeeland Brick Co.,* v. *Fidelity & Deposit Co.,* 195 Mich. 738.

For over three years premiums had been collected by defendant's agent at plaintiff's home in accordance with the arrangement made when the policy was issued. Where such practice has been established by agreement, it is a salutary rule that the assured is not to be held in default on the collector's abandonment of the plan and his failure to collect, without notice to the assured that payments must

be made elsewhere, if the assured be always able and willing to pay. Any other ruling would be an invitation to fraud. *Baker* v. *Michigan Mutual Protective Ass'n,* 118 Mich. 431; *Henderson* v. *Grand Rapids Accident & Health Ins. Co.,* 150 Mich. 105.

Wilfong was the only agent of defendant with whom plaintiff came in contact. Upon defendant's authorization he had handled a prior claim for benefits. He represented defendant in payment of part of the pneumonia claim. In fine, defendant held him out to plaintiff to represent it in connection with the policy. Consequently, Wilfong's assurance to plaintiff that he would handle the pneumonia matter as he had the former claim, in which premiums were deducted from benefit checks, estopped defendant from claiming forfeiture for nonpayment pending adjustment. Defendant could not permit its agent to engage upon a course of conduct which lulled assured into the belief that the procedure was proper and then trap him with the written words of the policy.

A similar estoppel runs as against the policy provision that plaintiff should furnish periodical doctor's reports, because of Wilfong's representations that he would obtain the necessary doctor's certificates as he had done before. Moreover, defendant was estopped because it failed to deny liability on this ground when claim was made. *Fenton* v. *National Fire Ins. Co.,* 235 Mich. 147.

The provision for increased benefits does not rest upon specific dates of payments, but is an advantage accruing from continuance of the policy. As the policy continued in force, plaintiff was entitled to benefits.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.