ZERILLI *v.* METROPOLITAN LIFE INSURANCE CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict for defendant, Supreme Court must regard testimony in light most favorable to the plaintiff.

2. INSURANCE—PAYMENT OF PREMIUMS—TIME.

The burden of paying premiums on life insurance policy on due dates rests upon the insured.

3. SAME—FORFEITURE—ESTOPPEL—CUSTOMS—CONSIDERATION.

Failure of insurer's agent to call for second quarterly payment of second annual premium *held*, insufficient to estop insurer from claiming forfeiture for nonpayment of premium in accordance with policy where it is not clearly established that agent failed to call, no long-standing custom of calling for payments was established nor consideration given for agent's promise to call.

4. SAME—FORFEITURE—WAIVER—EVIDENCE.

Waiver of forfeiture of policy of life insurance *held*, not established by acceptance of payment on premium after due date where testimony shows it was received contemporaneously with application for reinstatement, no official receipt was ever given therefor as required by policy and payment was returned; nor was waiver established by sending of notice that further payment of premium would be due at specified time if policy were then in force; nor by acceptance of payment of $3 medical examination fee, asserted to have been paid prerequisite to procuring loan on policy where policy had no loan value at that time, and such fee was incident to proceeding for reinstatement.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 2, 1936. (Docket No. 24, Calendar No. 38,972.) Decided October 5, 1936.

Assumpsit by Vito Zerilli against Metropolitan Life Insurance Company on a life insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Robert W. Conder* and *Max L. Veech,* of counsel), for defendant.

BUTZEL, J. On April 11, 1932, defendant issued a $1,000 life insurance policy to Joseph Zerilli, now deceased, wherein plaintiff, Vito Zerilli, was named beneficiary. Deceased was unable to read or write and his business affairs were conducted by his daughters-in-law, Catherine Zerilli and Frieda Zerilli. Plaintiff introduced testimony to the effect that a Mr. Fellman, agent of the company, personally delivered the policy at the home of Frieda Zerilli where deceased had lived, collected the first year's premium in cash and receipted for it on the back of the policy. A year later, Fellman and an associate by the name of Lewis, who worked under Fellman's directions, went to Catherine Zerilli's home to collect the second year's premium, but accepted in its place a quarterly premium and filled out an application on defendant's form so as to provide for quarterly payments in the future. The company consented to the change. Catherine Zerilli testified that Lewis agreed to return to the home of Frieda Zerilli three months later to collect the second quarterly premium, but did not do so, and that twice during the period between July 11th and August 11th, 1933 (the grace period), she telephoned Mr. Fellman who distinctly stated that either he would come himself or would send some other agent to collect it. Frieda Zerilli testified that she had the money with which to pay the second quarterly premium, but that neither Fellman nor any other agent called prior to the expiration of the 31 days' grace period. The tes-

timony, however, shows that Frieda and her sister-in-law, Catherine, interchanged visits and that Frieda, though home during the larger portion of the period, was also part of the time at Catherine's and was not home continuously. The quarterly payment which became finally due on August 11, 1933, was not paid by the insured during the prescribed time. On September 1, 1933, Lewis called at Frieda's home and received from her the second quarterly premium, but contemporaneously therewith the insured signed an application for reinstatement of the lapsed policy on a form printed and prepared by defendant. No provisional receipt was given for the premium payment. Subsequently, the defendant sent the insured a notice to the effect that a premium would become due on October 11, 1933. Catherine Zerilli further testified that Fellman discussed with her the possibility of deceased's procuring a six months' loan on the policy and that on November 1, 1933, she paid $3 for a medical examination of the insured which she believed was for the purpose of obtaining the loan. Subsequently, the defendant sent its agent a check for the amount of the July quarterly premium which had been paid at the time the application for reinstatement was signed, with directions to return it to the insured. Frieda Zerilli testified that at first she refused to accept it, but after the agent told her she had to take it and pay Fellman, the insured indorsed the check, and the proceeds were held to pay the agent when he called. The insured died in May, 1934, and suit was brought to collect the amount of the policy. As the lower court directed a verdict for the defendant, we must regard the testimony in the most favorable light to the plaintiff on this appeal.

It is undisputed from the record that the second quarterly premium was not paid by the assured or

his representatives either on the day it fell due or at any time within the period of grace allowed under the policy. Under these circumstances the policy lapsed according to its own terms on August 11, 1933. The plaintiff, however, contends that the defendant is estopped from claiming a forfeiture because of the failure of defendant's agent to make good his representation that he would come to collect the instalments at Frieda Zerilli's house. The defendant in its answer admits that it had an agent in its employ who was authorized to call and collect premiums on said policy at the home of the insured. But conceding that the company was bound by the agent's representation, the plaintiff has not clearly established that the agent failed to call. It appears that Frieda Zerilli was absent from her home a part of the time during which the agent was to call. Under such circumstances it was quite possible that he did call at a time when she was not at home. Nor does the fact that Frieda Zerilli had the money with which to pay the second quarterly premium help the plaintiff. The burden of paying premiums on the due dates rested upon the insured at all events, notwithstanding the failure of the agent to come around and collect them. The mere promise by the agent unsupported by consideration did not relieve the insured of the obligation to pay *on time* in the manner provided for in the policy. The only effort to make the payment during the period of grace was to call the agent by telephone. When the insured saw that the agent did not appear at Frieda Zerilli's home on July 11, 1933, he had ample time in which to send the premium to the home office or to deliver it into the hands of the agent. The case differs entirely from that of *Cochran* v. *National Casualty Co.,* 261 Mich. 273, where the practice of calling and collecting premiums on an industrial policy had been estab-

lished over a period of years by agreement and a sudden discontinuance without notice thereof caused the default in payment. No such custom had been established in the instant case.

Plaintiff's contention that the acceptance of the second quarterly premium on September 1, 1933, waived the forfeiture is without merit. The testimony clearly shows that this premium was received contemporaneously with the execution of an application for reinstatement of the policy and as no official receipt was given the assured, as was required under the policy, this payment must be held to have been conditional. Nor did the sending of a notice showing that a premium would become due on October 11, 1933, constitute a waiver of forfeiture for the reason that said notice distinctly stated that the premium would become due "if said policy be then in force." *Rabb* v. *New York Life Ins. Co.*, 108 S. C. 137 (93 S. E. 711). The same conclusion must be reached with respect to the acceptance of the $3 medical examination fee by the company on November 1, 1933, which Catherine Zerilli testified she thought was paid as a prerequisite to procuring a loan on the policy. An examination of the policy would have disclosed that it had no loan value during the first two years. In reality the medical examination fee was paid in connection with the application for reinstatement of the policy, the acceptance or rejection of which depended upon the physical condition of the insured. We hold, therefore, that defendant's acts subsequent to August 11, 1933, did not amount to a waiver of forfeiture.

The judgment is affirmed, with costs to the defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.