SZYMANSKI *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

1. CONTRACTS—UNION CONTRACT—GROUP LIFE INSURANCE POLICY—THIRD-PARTY-BENEFICIARY CONTRACT ACT.

Under provision of contract between employer and employee's union of which plaintiff's decedent was a member that employee's service should be considered continuous unless broken by 12 consecutive months of unemployment, an employee after termination of employment did not acquire under group life

insurance policy full right to any insurance coverage by virtue of the third-party-beneficiary act where union contract did not preclude employer from terminating the employment nor obligate the employer to pay wages or insurance premiums nor the insurer to carry the insurance without payment of the premium for such 12-month period (Act No. 296, Pub. Acts 1937).

2. INSURANCE—GROUP LIFE POLICY—TERMINATION OF EMPLOYMENT —NOTICE TO EMPLOYEE.

Provision for notice of termination of employment to employee is not required to be included in a group life insurance policy in order to relieve insurer from liability upon termination of employment.

3. SAME—GROUP LIFE POLICY.

An employee covered by group life insurance is bound by the terms and conditions of the policy.

4. SAME—GROUP LIFE POLICY—PERIOD OF GRACE.

Under a group life insurance policy, after termination of employment by employer, the employee is not entitled to a 31-day period of grace in which to apply for continuation of insurance coverage, the statutory requirement that life insurance policies shall contain a period of grace for payment of premium not being applicable to a group life insurance policy (3 Comp. Laws 1929, § 12427).

5. SAME—GROUP LIFE POLICY—FORM—FILING—APPROVAL.

A copy of the form of a group life insurance policy must be filed with and approved by the commissioner of insurance (3 Comp. Laws 1929, § 12435).

6. SAME—GROUP LIFE POLICY—APPROVAL OF FORM OF AMENDMENT —STATUTES.

Recovery by beneficiary under group life insurance certificate which had been issued to employee who died from accidental causes 12 days after termination of employment would not be allowed merely because form of amendatory agreement between insurer and employer relating to group policy had not been filed with nor approved by commissioner of insurance as required by statute where clause therein objected to by plaintiff that notice of discontinuance of insurance for individual employees need not be given insurer by employer was not in conflict with the law or policy (3 Comp. Laws 1929, §§ 12435, 12447).

7. Same—Termination of Employment—Continuation of Cover-
age—Contracts—Statutes.

The fact that an employee is deprived of the benefit of group
insurance upon termination of employment because of in-
adequate notice of his rights and injustice results thereby is
remediable by provision for automatic continuance of cover-
age in the group life insurance policy or by appropriate
statute.

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted January 13, 1943. (Docket No. 6, Calen-
dar No. 42,148.) Decided February 23, 1943.

Assumpsit by Lottie Szymanski against John
Hancock Mutual Life Insurance Company, a Massa-
chusetts corporation, on a group life insurance
certificate. Directed verdict and judgment for de-
fendant. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*Joseph Beckenstein* and
*Meyer Weisenfeld,* of counsel), for plaintiff.

*Bulkley, Dickinson, Wright & Davis* (*Max L.
Veech,* of counsel), for defendant.

Butzel, J. Lottie Szymanski, plaintiff, is the
widow of John Szymanski and the beneficiary
named in the certificate issued under a group insur-
ance policy which ran to the Murray Corporation
and under which employees were insured against
accident, sickness and death. The group policy con-
tained the conditions of insurance. Employees' in-
sured thereunder contributed slightly over six cents
a day to pay the premiums. The insurance ceased
upon the termination of employment of the em-
ployee, but the employee had the right to continue
the insurance upon application and upon payment

of the necessary premium but without any examination as to insurability. Plaintiff's decedent did not avail himself of this right or option. On March 22, 1938, decedent's employment was terminated because of a "reduction in force." The following day an exit interview was had with decedent at which time he surrendered his badge. Such exit interview was had for the purpose of placing such employee if possible in some other department if there was an opening and in order to obtain his correct address so that he could be located if the employer desired to offer him work again, and so as to bring the records up to date. The undisputed testimony shows that if plaintiff's decedent had been only temporarily laid off there would have been no exit interview nor would he have been required to surrender his badge and his name would not have been taken from the payroll, nor would he have been paid to date on what was called the "advance payroll," nor would the check for that amount have been withheld until the employee surrendered his badge and tool checks. The premiums to defendant insurance company were based upon the employer's records and no further premium, from and after March 22, 1938, was paid for the insurance certificate issued to decedent. Plaintiff's decedent did not apply for or take out a policy directly with defendant at any time. Plaintiff's decedent died from accidental causes on the 3d of April, 1938, only 12 days after the employment ceased. Plaintiff brought suit to recover $2,000, the amount decedent had been insured for. The judge directed a verdict for defendant. Plaintiff appeals.

The master or group policy, as amended, included the following provisions:

"Insurance to be discontinued. The insurance of any employee covered hereunder shall end when his

employment with the employer shall end.  *  *  *

"Temporary layoff  *  *  *  shall not be considered as termination of employment for the purpose of this insurance unless the employer shall so elect.  *  *  *

"The employer shall not be required to give notice to the company of the discontinuance of insurance for individual employees."

"The insurance under this plan will cease upon failure on the part of the employee to pay the required premium contribution to the employer, upon termination of employment."

At least once when decedent was only temporarily laid off premiums were paid by the employer. No notice was given to decedent that the policy was canceled either by the insurance company or by the employer. There is nothing, however, in the policy that requires such notice, as was in the policy considered in *Rothermel* v. *Aetna Life Ins. Co.*, 275 Mich. 425. The insurance company was paid premiums each month based upon the employer's payroll. A statement for the period from March 6 to April 2, 1938, was sent to the defendant insurance company the latter part of April, 1938, or the early part of the following month. Decedent's name did not appear on the statement nor on the company's books after March 22, 1938, nor is it claimed that the defendant company received any premiums from the employer on account of decedent's insurance after the date the employment ceased.

Plaintiff claims on appeal that the employer was bound by a contract between the company and the International Union United Automobile Workers of America, Local No. 2. One of its provisions was that:

"An employee's service shall be considered continuous unless broken for one of the following reasons:  *  *  *

"c. Twelve consecutive months of unemployment."

Appellant contends that decedent as a member of the union acquired full rights therein and may enforce the contract for his own benefit under the third-party beneficiary act (Act No. 296, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 14063–1, Stat. Ann. 1942 Cum. Supp. § 26.1231]), which act we upheld and applied in *Guardian Depositors Corp.* v. *Brown*, 290 Mich. 433; *Lutz* v. *Dutmer*, 286 Mich. 467. The labor union contract does not bear out appellant's claims. Article 5, § 11, of the contract provides:

"Employees shall be rehired in the reverse order of the plan used during their layoff."

It is obvious that this contract did not preclude an employer from terminating the employment and did provide a method for determining employment for seniority purposes. The employee could obtain other employment. The contract did not obligate the employer to pay either wages or insurance premiums during the 12 months or the defendant insurance company to carry the insurance without the premium being paid.

The policy did not provide in its original or amended form that any notice of termination of employment must be given to employees. We have held that provision for such notice was not necessary. *Klat* v. *Chrysler Corp.*, 285 Mich. 241. Decedent was bound by the terms and conditions of the policy. *Barza* v. *Metropolitan Life Ins. Co.*, 281 Mich. 532.

Appellant claims that the policy provided for a period of 31 days during which the owner of certificate could apply for insurance which amounted to 31 days of grace. No application was made nor premiums paid. It was merely a right or option of

which decedent did not avail himself. *Klat* v. *Chrysler Corp.*, *supra*. Also, see *England* v. *Aetna Life Ins. Co.*, 285 Mich. 302. Plaintiff, however, calls our attention to 3 Comp. Laws 1929, § 12427 (Stat. Ann. § 24.263), which provides that:

"No policy of life insurance shall be issued in this State unless the same shall contain the following provisions:    *    *    *

"GRACE. Second, A provision for a grace of one month for the payment of every premium after the first year, which may be subject to an interest charge, during which month the insurance shall continue in force."

The provisions for group life insurance (3 Comp. Laws 1929, § 12434 *et seq.* [Stat. Ann. § 24.270 *et seq.*]) differ from the provisions under the general insurance law and section 12427, *supra*, is not applicable to a group life insurance policy. The statutory provisions in regard to general life insurance and group life insurance are different and many of the requirements of the one are not applicable to the other. In *England* v. *Aetna Life Ins. Co.*, *supra*, the claim was made that under a group policy, the employee was entitled to 31 days of grace. We denied recovery.

Counsel for appellant made a somewhat belated claim that the original policy, as filed and approved by the commissioner of insurance, did not contain the provision which we quoted from the policy as amended, stating that "The employer shall not be required to give notice to the company of the discontinuance of insurance for individual employees." This was one of a number of provisions in an agreement between the employer and insurer under date of October 20, 1934. This was several years prior to the date of the certificate issued to decedent. A copy of the form of this agreement relating to the

policy was never filed with or approved by the commissioner of insurance. The law provides that a copy of the form of the group policy must be filed with and approved by the commissioner. 3 Comp. Laws 1929, § 12435 (Stat. Ann. § 24.271). Appellant contends that for that reason the above-quoted provision never became effective. If such provision were in conflict with the policy or the law, there would be force in the contention. The policy was not voided. 3 Comp. Laws 1929, § 12447 (Stat. Ann. § 24.283). There is neither any provision in the law or in the form of the original policy, as filed and approved, that required any notice whatsoever. The form provided that ''The insurance of any employee covered hereunder shall end when his employment with the employer shall end,'' et cetera.

There may be an injustice in depriving the employee of the benefit of group insurance upon the employment being terminated without adequate notice of his rights. This is particularly true where an employee has been working for many years and has contributed part of the cost of the insurance. With modern industrial conditions there are frequent terminations of employment followed by the shifting of employees from one employer to another or by re-employment. We agree that employees should be entitled to full and adequate notice and that it would be more equitable to have policies automatically continued for a certain length of time. This can only be provided for by contract or by appropriate statute. There was neither in this case and we are constrained to affirm judgment for defendant, with costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.