Bertha Maxine **ADDISON**, Appellant (Plaintiff below),

v.

**AETNA LIFE INSURANCE COMPANY**, a Corporation, Appellee (Defendant below).

No. 2958.

Supreme Court of Wyoming.

Jan. 30, 1961.

R. H. Bennett, Sheridan, for appellant.

Edward T. Lazear of Loomis, Lazear & Wilson, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Plaintiff seeks a declaratory judgment construing the provisions of a certain group insurance policy and declaring the rights and liabilities thereunder of the parties in this action. The complaint alleges that defendant issued a group life insurance policy insuring employees of Petty Geophysical Engineering Company, employer. Premiums were deducted from the wages of employees. On August 19, 1952, said defendant issued to Herbert M. Addison, an employee of such employer and husband of plaintiff, Certificate No. 1656 evidencing the fact that the life of said employee was insured under the group policy.

According to the complaint, Herbert M. Addison voluntarily terminated his employment with Petty Geophysical Engineering Company on October 28, 1956. The last payroll deduction for premiums on his insurance was made on that day. He was killed in Gillette, Wyoming, November 25, 1956. A claim for death benefit in the amount of $6,000 was made by plaintiff as beneficiary under the certificate of insurance.

The following provisions considered pertinent to this case are contained in Certificate No. 1656:

### "Payment of Benefits

"The amount of insurance in force upon the life of the Employee will be payable to the beneficiary in accordance with the terms of the group policy in the event of death of the Employee from any cause, at any place, and at any time while insured."

### "Termination of Insurance

"The insurance of the Employee will automatically cease when the Employee fails to make the required contribution to the Employer, or upon termination of employment, or upon discontinuance of the group policy; whichever first occurs."

### "Conversion Privilege

"In case of termination of employment for any reason whatsoever, the Employee will be entitled to have a policy of life insurance issued to him by the Insurance Company without further evidence of insurability, provided:

\*     \*     \*     \*     \*     \*

"(D) Written application for such a policy and payment of the first premium must be made by the Employee within 31 days after the period during which death would have resulted in a valid claim under the group policy."

It is admitted in the case that written application for a policy of insurance under the conversion privilege provision was not made and that payment of the first premium was not made, but the 31 days allowed therefor had not yet expired at the time of death.

The defendant moved to dismiss plaintiff's action on the ground that the complaint failed to state a claim against defendant upon which relief can be granted. This motion was argued to District Judge G. A. Layman. He sustained the motion and entered judgment for the defendant, with a finding to the effect that no further facts could be alleged by which a cause of action might be stated. The judgment recited that plaintiff declined to plead further and elected to stand on her complaint.

The only question presented on appeal from this judgment is whether the insurance coverage on the employee ended at the actual termination of employment or at the expiration of the 31 days allowed for application for a policy of life insurance under the conversion privilege provision quoted above.

The view supported by cases from what would seem to be a majority of the jurisdictions considering the point is that a conversion provision contained in a group policy does not extend the period of coverage beyond the period of time the employee is covered under the "termination of employment" clause, at least in the absence of a statute rendering effective a contrary rule. See Lineberger v. Security Life & Trust Co., 245 N.C. 166, 95 S.E.2d 501, 68 A.L.R.2d 1; Annotation 68 A.L.R.2d 116.

The general rule, as stated in 29A Am. Jur. (1960) Insurance § 1777, p. 850, is that under the provisions of group insurance policies and certificates issued thereunder giving employees the option to apply for converted policies within a specified time after the termination of their employment, the group insurance is not automatically extended during the specified period, and if the insured is injured or dies during such time without having exercised the right of conversion, no recovery can be had under such insurance.

■   Without reviewing all of the cases bearing on this point, it is sufficient for the

purposes of a decision in this case to say, as was said in the case of Moriarty v. California Western States Life Ins. Co., Cal.App., 69 P.2d 434, 437, affirmed on rehearing 22 Cal.App.2d 260, 70 P.2d 684, that under the clear terms of the contract, insurance under it ceased when employment ceased. Policies of insurance, where the terms are clear and unambiguous, must be enforced like other contracts according to terms which have been used therein by the parties. Bradley v. Prudential Ins. Co., 9 Cir., 70 F.2d 988; Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L. Ed. 416; New York Life Ins. Co. v. Gist, 9 Cir., 63 F.2d 732, certiorari denied 290 U.S. 651, 54 S.Ct. 68, 78 L.Ed. 564; Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U.S. 80, 54 S.Ct. 590, 78 L.Ed. 1137.

■ In this particular case the language employed in the certificate of insurance is as plain and free from ambiguity as any we can imagine. The termination of insurance clause says that the insurance of the employee will automatically cease "upon termination of employment."

Although the so-called conversion privilege clause is set out under a heading entitled Conversion Privilege, it does not actually provide for a conversion in the sense of a continuance of existing insurance in a different form. Nowhere in this clause, except in the heading thereto, is any form of the word "conversion" used. The clause provides simply that in case of termination of employment for any reason whatever, the employee will be entitled to have a policy of life insurance issued to him without further evidence of insurability, provided certain enumerated conditions are met. We construe this to mean a new or different policy of life insurance.

The conditions precedent, as far as this case is concerned, are that written application for such a policy and payment of the first premium must be made by the employee within 31 days "after the period during which death would have resulted in a valid claim under the group policy." It is impossible for us to conceive how that can mean anything except 31 days after insurance ceases under the group policy. It does not specify 31 days after the termination of employment.

If the group policy insurance continued, as appellant contends, for a period of 31 days after the termination of employment, then the right to apply for a new policy of insurance would have to continue for 31 days after that, since such a right can be exercised within 31 days after the period during which death would have resulted in a valid claim under the group policy. It is obvious that there are not two 31 day provisions.

The language of the contract itself seems clear to us and unequivocal. The only additional consideration in disposing of the case is whether the statutes of Wyoming render a different effect. In that regard our attention has been directed to no statutory provision except § 26–125, W.S., 1957, which provides:

"After April first, 1931, no policy of life insurance, other than industrial insurance, annuities, and pure endowments with or without return premiums shall be issued or delivered in this state or be issued by a life insurance company organized under the laws of this state, unless the same shall contain in substance, the following provisions:

\* \* \* \* \* \*

"Second. A provision for a grace of thirty days or of one month for the payment of every premium after the first, which may be subject to an interest charge, during which period, the insurance shall continue in force, which provision may contain a stipulation that if the insured shall die during the period of grace, the overdue premium with interest and the deferred premium of the current policy year, if any, will be deducted in any settlement under the policy. Grace shall date from the premium paying date stated in the policy."

This section seems to provide that certain life insurance policies issued or deliv-

ered in this state, or issued by a domestic life insurance company, shall contain a provision for a grace period of 30 days or one month for the payment of any premium after the first, during which period the insurance shall continue in force.

The plaintiff alleges in her complaint that defendant has refused to furnish her with a copy of the master group life policy. She does not claim that it fails to comply with the foregoing statutory provision. Neither is it suggested that any penalty should be imposed against defendant for a failure to comply with this statute. Said statute does not on its face purport to extend insurance coverage by its own terms. Group policies, like other forms of insurance, usually provide a grace period for the payment of each premium after the first. According to the generally accepted view such a provision does not have any effect of extending for such period the coverage of the insured employee beyond the time of the termination of the employee's employment, even though the inclusion of such provision may be required by statute. 29A Am.Jur. (1960) Insurance § 1778, p. 851; Szymanski v. John Hancock Mutual Life Ins. Co., 304 Mich. 483, 8 N.W.2d 146, 145 A.L.R. 947; Annotation 68 A.L.R.2d 127.

We are dealing here with a group insurance policy which provides for immediate termination when the insured ceases to belong to the group involved. There is no question of premium payment or lack of premium payment, and the defendant is not claiming that the insurance terminated for that reason. Appellant, in her brief, quotes the statutory provision referred to above, § 26–125, and states that Wyoming law requires a 30 day grace period. However, no reasons or authorities are cited to support the proposition that this law has the legal effect of continuing this kind of group insurance beyond the termination date provided for in the certificate. We know of no logic or authority which would compel such a conclusion. The judgment of the district court should be and is affirmed.

Affirmed.