SIMS v BUENA VISTA SCHOOL DISTRICT

Docket No. 73305. Submitted August 16, 1984, at Detroit.—Decided October 16, 1984. Leave to appeal applied for.

Claude Sims was employed by the Buena Vista School District and was covered under a group life insurance policy provided to Buena Vista by Aetna Life Insurance Company. Sims was laid off effective September 1, 1977, and was notified by Buena Vista that he could keep his life insurance in effect through that September by sending the premium payment to Buena Vista. He did so, and Buena Vista then paid the premium to Aetna on behalf of Mr. Sims. Mr. Sims died on November 15, 1977. Plaintiff, Jessie Sims, the beneficiary of the insurance policy, filed a claim with Aetna, which was denied. Plaintiff then brought an action against Buena Vista School District and Aetna. The Saginaw Circuit Court, Hazen R. Armstrong, J., found that the policy was not in effect on the date of death and that defendant Buena Vista did not breach the terms of the collective-bargaining agreement with its employees in failing to keep Mr. Sims insured. A judgment of no cause of action was entered in favor of defendants, and plaintiff appealed. *Held:*

1. The evidence was sufficient to show that certificates required to be delivered to employees, informing them of certain rights under the group policy including the right to convert to individual coverage, were properly delivered through the school district's internal mail system. Hand delivery was not required.

2. The burden of showing proper delivery was on the defen-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 43 Am Jur 2d, Insurance § 209.
  44 Am Jur 2d, Insurance § 1847.
[2, 3] 44 Am Jur 2d, Insurance §§ 1928-1931, 1949.
[4] 44 Am Jur 2d, Insurance § 1865.
  68 Am Jur 2d, Schools § 98.
  Group insurance: construction, application, and effect of policy provision extending conversion privilege to employee after termination of employment. 32 ALR4th 1037.
  Termination of coverage under group policy with regard to termination of employment. 68 ALR2d 8.
[5] 22 Am Jur 2d, Damages § 195.
  38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 33.

dants. The trial court did not clearly err in finding that the defendants sustained this burden.

3. There was no requirement that the school district inform Mr. Sims of the conversion privilege in some manner in addition to delivery of the certificate.

4. The insurance policy required the school district to maintain the insurance through the month in which an employee was laid off. Thus, the school district had a duty to insure Mr. Sims through September, 1977, and breached that duty by requiring Mr. Sims to pay the September premium. In addition, the policy allowed the school district to extend coverage for an additional month and, in light of the requirement that the district exercise its discretion in good faith, the district should have done so, thereby extending coverage through · October, 1977.

5. The policy also provided Mr. Sims with a 31-day period in which to elect to convert the policy, within which period the insurance would be in force. Thus, except for Buena Vista's breach of duty, Mr. Sims would have been insured at the time of his death. Therefore, Buena Vista is liable for the benefits plaintiff would have received but for the breach.

6. Aetna is not liable because Mr. Sims died more than 31 days after the last period for which Aetna received a premium.

7. Plaintiff is not entitled to damages for mental distress.

Affirmed as to Aetna Life Insurance Company, reversed as to Buena Vista School District.

1. Insurance — Group Life Insurance — Delivery of Certificates.
An insurance company issuing a group life insurance policy is required to issue to the employer obtaining the insurance on behalf of its employees individual certificates for delivery to the employees informing the employees of certain rights they have under the policy; hand delivery of the certificates to the employees is not required (MCL 500.4438; MSA 24.14438).

2. Insurance — Group Life Insurance — Burden of Proof.
An insurance company has the burden of showing that coverage has lapsed under a group life insurance policy.

3. Insurance — Group Life Insurance — Delivery of Certificates — Burden of Proof.
The burden of proving delivery of statutorily-required certificates to employees, explaining certain of their rights under a group life insurance policy, is upon the employer who obtains the group policy on behalf of .the employees and upon the insurance company.

4. Schools — Insurance — Group Life Insurance — Exercise of Discretion.

A school district which, in its discretion, may continue an employee's group life insurance coverage for a month after the employee has been terminated from employment must, when exercising that discretion, do so honestly and in good faith.

5. Contracts — Commercial Contracts — Breach of Contract — Emotional Distress.

The mere breach of a commercial contract, without sufficient tortious conduct, is not sufficient to support a claim for damages for emotional distress and mental anguish.

*Hiller, Larky & Hoekenga* (by *Daniel J. Hoekenga* and *Marc M. Susselman),* for plaintiff.

*Hakim Ben Adjoua,* for Buena Vista School District.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Kathleen Gallagher Lewis),* for Aetna Life Insurance Company.

Before: T. M. Burns, P.J., and M. J. Kelly and N. J. Kaufman,* JJ.

Per Curiam. Plaintiff Jessie Sims is the beneficiary of a life insurance policy issued by defendant Aetna Life Insurance Company. Claude Sims, plaintiff's deceased husband, was an employee of the Buena Vista School District. Pursuant to a collective-bargaining agreement, Buena Vista was required to provide its teachers and guidance counselors, including Mr. Sims, with life insurance, "subject to the terms of the carrier". Mr. Sims was informed in August, 1977, that he was being laid off effective September 1, 1977. Buena Vista School District sent Mr. Sims a letter in-

_____

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

forming him that he could keep his life insurance in effect through September, 1977, if he sent the premium to the school district. Mr. Sims paid Buena Vista the amount of the premium to keep his life insurance in effect for September, 1977. Buena Vista then issued its own check to Aetna to pay the premium on behalf of Mr. Sims. Mr. Sims died on November 15, 1977.

Plaintiff then filed a claim with Aetna. Aetna denied coverage. Plaintiff then brought this suit in the lower court against Aetna and the Buena Vista School District. The trial court found that the policy was not in effect on the day Mr. Sims died and that the school district did not breach the collective-bargaining agreement in failing to keep Mr. Sims insured. Plaintiff appeals from this decision.

Plaintiff first argues that the certificate informing decedent of his right to convert the group life insurance policy to an individual policy was not properly delivered. By statute, an insurance company issuing a group life insurance policy is required to issue to the employer obtaining the insurance on behalf of its employees individual certificates for delivery to the employees informing the employees of certain rights they have under the policy. MCL 500.4438; MSA 24.14438. Aetna forwarded these certificates to Buena Vista School District. The school district then delivered these certificates to its employees through its internal mail system. Each employee had a mail box in the school where he or she was assigned. Witnesses for the school district testified that the certificates were placed in these mail boxes. These facts are sufficient to show that the certificate was properly delivered in accordance with the statute. *Van Koevering v Manufacturers Life Ins Co,* 234 F Supp 786 (WD Mich, 1964). Plaintiff's argument

that the statute requires hand delivery is without merit.

Plaintiff next argues that defendants have the burden of proving delivery of the certificate. The burden of proof that coverage has lapsed under a group life insurance policy is upon the insurance company. *Peters v Aetna Life Ins Co,* 279 Mich 663; 273 NW 307 (1937). Delivery of the certificate is necessary to terminate the group policy coverage. Defendants therefore had the burden of proving delivery.

The next issue is whether defendants sustained this burden. The head bookkeeper for the school district testified that Aetna mailed the school district their certificates and the certificates were then placed in the employees' mail boxes. While plaintiff presented testimony that other teachers did not receive a certificate, we cannot say that the trial court clearly erred in finding that the certificate was sent through the school's mail system. GCR 1963, 517. As we previously noted, this method of delivery was sufficient as a matter of law. *Van Koevering, supra.* The trial court therefore did not err in finding that the certificate was properly delivered.

Plaintiff next argues that the Buena Vista School District had a duty to inform Mr. Sims of his conversion privilege in some manner in addition to delivery of the certificate. While it would be more equitable to require such notice, only the contract or an appropriate statute can make such a requirement. *Szymanski v John Hancock Mutual Life Ins Co,* 304 Mich 483, 490; 8 NW2d 146 (1943).

Plaintiff next argues that Buena Vista was required to provide Mr. Sims with life insurance for the months of September and October. The trial court found that Mr. Sims was laid off on August 18, 1977. This finding was clearly erroneous since

Buena Vista School District admitted that "Mr. Sims was temporarily laid-off for economic reasons effective September 1, 1977".

The Buena Vista School District had a duty, pursuant to the collective-bargaining agreement, to provide insurance "subject to the terms of the carrier". The insurance policy issued by Aetna required the school district to maintain insurance through the month in which the employee was laid off. The school district therefore had a duty to insure Mr. Sims through September. The school district breached this duty by requiring Mr. Sims to pay the premium for the month of September. The insurance policy also had a provision which allowed the school district to extend insurance coverage for one month after the month in which the employee was laid off. In exercising its discretion to continue coverage, the law implied a requirement that Buena Vista exercise that discretion honestly and in good faith. *Burkhardt v City National Bank of Detroit,* 57 Mich App 649; 226 NW2d 678 (1975). Considering this good faith requirement, we find that Buena Vista had a duty to provide the life insurance coverage which was obtainable by it at the minimal group rate for the month after Mr. Sim's lay-off, October, 1977. The insurance policy also had a provision that Mr. Sims had 31 days to elect to convert to an individual policy. The policy provided that if Mr. Sims died within this 31-day period the insurer would be liable to the beneficiary. Mr. Sims should have been insured through November, 1977. Since he died on November 15, 1977, plaintiff should have recovered on the insurance policy but for Buena Vista's breach of the collective-bargaining agreement. Buena Vista therefore is liable for the insurance benefits plaintiff would have received had the contract not been breached.

Aetna, however, is not liable. Aetna only received a premium for September, 1977. The 31-day period to elect to convert to an individual policy therefore expired at the end of October. Since Mr. Sims died in November, Aetna is not liable.

Plaintiff also argues that defendants are estopped from denying that Mr. Sims had exercised his conversion privilege since he personally paid the premium for September, 1977. Mr. Sims gave his personal check to the school district which then issued its own check to Aetna. Since Mr. Sims did not send the personal check to Aetna, only the school district could be estopped under this argument. Since we have already determined that the school district is liable, we need not consider this argument's merits.

Plaintiff finally argues that she should recover damages for mental distress resulting from defendant's breach of the life insurance contract. The mere breach of a commercial contract, without sufficient tortious conduct, is insufficient to support a claim for damages for emotional distress and mental anguish. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980).

The trial court's finding of no cause of action against the Buena Vista School District is reversed. The trial court's finding of no cause of action against Aetna Life Insurance Company is affirmed.