JONES v EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES

Docket No. 83781. Submitted May 8, 1986, at Grand Rapids. Decided
October 20, 1986.

Pressley W. Jones and Virginia L. Jones brought an action in the
Kent Circuit Court against the Equitable Life Assurance Society of the United States alleging breach of contract for the
nonpayment of insurance benefits. The facts indicate that the
plaintiffs purchased a policy of group health insurance from the
defendant for themselves and the employees of their restaurant. The policy listed the restaurant as the policyholder.
Plaintiffs then sold the restaurant to Robert and Kathleen
Larsen. A private agreement between plaintiffs and the Larsens provided that the plaintiffs were to continue to be listed as
employees for the purposes of the insurance coverage. The
Larsens then ceased paying the insurance premiums on behalf
of the restaurant and the defendant notified the Larsens, as
agents of the restaurant, that the policy was terminated for
nonpayment of premiums. Defendant's letter to the Larsens
directed the Larsens to notify their employees of the cancellation. Plaintiffs were not notified and thereafter incurred substantial medical bills. Plaintiffs submitted a claim to defendant
which was denied because the treatment occurred after the
insurance had been terminated. Defendant moved for a summary judgment based upon the lack of a genuine issue of
material fact. The trial court, Stuart Hoffius, J., granted the
motion. Plaintiffs appeal.

The Court of Appeals *held:*

1. The defendant was not required to provide the employees
with notice of the termination of the contract. First, the contract did not require such notice; second, the Michigan Insur-

REFERENCES

Am Jur 2d, Insurance §§ 1869, 1870.

Am Jur 2d, Summary Judgment §§ 26 *et seq.*

What constitutes bringing an action to trial or other activity in case
sufficient to avoid dismissal under state statute or court rule
requiring such activity within stated time. 32 ALR4th 840.

Termination of employee's individual coverage under group policy
for nonpayment of premiums. 22 ALR4th 321.

ance Code does not require that those insured under a policy of group disability insurance receive such notice; third, Michigan courts have not held that the insurer has a duty to personally notify the employees that a contract of group medical insurance has been terminated.

2. The group insurance contract was not a contract of adhesion.

3. Summary judgment was properly granted.

4. An amendment to plaintiffs' claim to add a cause of action grounded in tort would be futile since they have not advanced a meritorious tort claim which can be asserted against defendant.

Affirmed.

1. INSURANCE — INSURANCE CODE — GROUP HEALTH INSURANCE — NOTICE OF TERMINATION.

The Michigan Insurance Code does not require that those insured under a policy of group health insurance receive notice of termination of the insurance contract from the insurer; a contract for group health insurance may include a provision requiring such notice.

2. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

Summary judgment may be granted on the ground that there is no genuine issue of material fact prior to the completion of discovery where there are no questions of fact left to be resolved and further discovery would not uncover factual support for the plaintiff's claim (GCR 1963, 117.2[3]; MCR 2.116[C][10]).

*Paul B. Newman,* for plaintiffs.

*Law, Weathers & Richardson* (by *Alan Bennett*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a circuit court order granting defendant's motion for summary judgment.

In 1975, plaintiffs were the owners of Press's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Bakery, a restaurant in White Cloud, Michigan. In July, 1975, they obtained health insurance for themselves and the restaurant's employees through a group policy of insurance issued to the Home Furnishings and Appliance Industry Trust. The policy listed the trustees and "participating employers" as the policyholders. The restaurant was a participating employer.

On December 1, 1980, plaintiffs sold the business to Robert and Kathleen Larsen. Pursuant to a private agreement between plaintiffs and the Larsens, plaintiffs continued to be listed as employees for purposes of the insurance coverage.[1] The Larsens ceased paying the insurance premiums on behalf of the restaurant in January, 1981. By letter dated May 30, 1981, defendant notified the Larsens, as agents of the bakery, that the group policy had been terminated on May 15, 1981, due to nonpayment of premiums. The letter directed the Larsens to notify their employees that the group medical insurance had been cancelled. Plaintiffs were not so notified.

On July 1, 1981, plaintiff Virginia L. Jones was hospitalized and incurred substantial medical bills. Plaintiffs submitted a claim for benefits to defendant on August 1, 1981. The claim was denied by defendant because the treatment had occurred after the group insurance had been terminated. Thereafter, plaintiffs commenced the instant action alleging a breach of contract for the nonpayment of insurance benefits. Plaintiffs did not include the employer as a defendant.[2]

[1] For purposes of the motion, defendant did not contest plaintiffs' claim that they were employees.

[2] Plaintiffs' counsel stated:

[T]he employer had more financial difficulties than just his ability to make the premiums, and there is absolutely no value

Defendant's motion for summary judgment was brought pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). A motion for summary judgment on the ground that there is no genuine issue of material fact tests whether there is factual support for the claim. When passing on a motion based on rule 117.2(3), the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Longley v Blue Cross & Blue Shield of Michigan,* 136 Mich App 336; 356 NW2d 20 (1984).

Plaintiffs maintain that defendant was required to provide the employees with notice of termination of insurance. We disagree. First, the contract itself does not require defendant to notify the employees that the insurance has been cancelled.

Second, the Michigan Insurance Code does not require that those insured under a policy of group disability insurance receive notice of termination. Plaintiffs rely on *Lease Car of America, Inc v Rahn,* 419 Mich 48; 347 NW2d 444 (1984), for the proposition that the insurer must provide notice of termination to each party who qualifies as an "insured" under the policy, not merely the named insured or designated insured. Plaintiffs' reliance on this case is misplaced. In *Lease Car,* the Supreme Court was called upon to construe MCL 500.3020; MSA 24.13020 which provides that an insurer may cancel a policy of *casualty* insurance by mailing written notice of cancellation to the insured. The policy of insurance in this case is not one of casualty insurance. There is no analogous statute with respect to group insurance.

Third, plaintiffs cannot point to any Michigan decision wherein the courts have held that the

in obtaining judgment against the employer for failing to give us notice . . . .

insurer has a duty to personally notify the employees that a contract for group medical insurance has been terminated. While it would be more equitable to require such notice, only the contract or an appropriate statute can make such a requirement. See, e.g., *Sims v Buena Vista School Dist,* 138 Mich App 426, 430; 360 NW2d 211 (1984), lv den 422 Mich 940 (1985); *Szymanski v John Hancock Mutual Life Ins Co,* 304 Mich 483, 490; 8 NW2d 146 (1943).

Plaintiffs argue that the group insurance policy is a contract of adhesion. This argument is without merit. While the employees are the insureds and, thus, are the beneficiaries of the insurance contract, the contract is between the insurer and the employer. *Don-Ray Tool & Die, Inc v John Hancock Mutual Life Ins Co,* 381 Mich 416; 163 NW2d 225 (1968). An adhesion contract refers to standardized contract forms offered to consumers of goods and services on a "take it or leave it basis." This is not the case here. Furthermore, the "adhesion contract" doctrine is a defense to the *enforceability* of a contract. Moreover, plaintiffs themselves contracted for the insurance and knew the terms thereof. This is not a "take it or leave it situation."

Plaintiffs argue that summary judgment should not have been granted because discovery is incomplete. We disagree. Plaintiffs can point to no questions of fact left to be resolved. Further discovery would not uncover factual support for plaintiffs' claim. *Page v Clark,* 142 Mich App 697; 370 NW2d 15 (1985).

Plaintiffs argue for the first time on appeal that they should be allowed to amend their complaint to add a cause of action grounded in tort. An amendment to plaintiffs' complaint would be futile

as plaintiffs have not advanced a meritorious tort claim which can be asserted against defendant.

There are no genuine issues of material fact. Defendant is entitled to judgment as a matter of law.

Affirmed.