BARNEY v LEAGUE LIFE INSURANCE COMPANY

Docket No. 93416. Submitted October 8, 1987, at Detroit. Decided March 21, 1988.

Christina Barney maintained an account with Ferndale Co-operative Credit Union, out of which premium payments for a group life insurance policy on the life of her husband issued by League Life Insurance Company were automatically withdrawn. Barney brought an action in Wayne Circuit Court against League Life and Ferndale Co-op after League Life refused to pay on the policy following the death of Barney's husband. League Life contended that the policy had been cancelled for nonpayment of premiums prior to the death of plaintiff's husband. Plaintiff alleged that League Life was estopped from cancelling the policy on the basis of a custom or practice by League Life of notifying her when the Ferndale Co-op account did not have a sufficient balance to cover a quarterly premium payment and requiring her to have sufficient funds to make a double payment in the next quarter as League Life did on two prior occasions but did not prior to cancelling the policy. Against Ferndale Co-op, plaintiff alleged that it breached its fiduciary duty by failing to pay premiums once funds were deposited into her account. The trial court, Thomas J. Foley, J., granted summary disposition in favor of defendants, ruling that plaintiff had failed to state a claim upon which relief could be granted. Plaintiff appealed.

The Court of Appeals *held:*

1. Assuming plaintiff's allegations to be true for purposes of deciding defendants' motion for summary disposition, plaintiff has stated a claim against defendants with the allegation that League Life failed to notify plaintiff of the past due premium prior to the cancellation of the policy. League Life's prior

REFERENCES

Am Jur 2d, Insurance §§ 387 *et seq.*

Actual receipt of cancellation notice mailed by insurer as prerequisite to cancellation of insurance. 40 ALR4th 867.

Remedies and measure of damages for wrongful cancellation of life, health, and accident insurance. 34 ALR3d 245.

practice or custom regarding notice gave rise to a duty to provide plaintiff with notice prior to the policy's cancellation.

2. Plaintiff stated a cause of action against Ferndale Co-op for breach of fiduciary duty with the allegation that Ferndale Co-op failed to pay premiums once funds were deposited into her account.

Reversed and remanded.

INSURANCE — CANCELLATION — NOTICE — ESTOPPEL.

An insurer may be estopped from cancelling a policy for nonpayment of premiums without first notifying the insured of the delinquent payment where the insurer has an established prior practice or custom of notifying the insured of delinquent premium payments.

*Kurncz & McNulty, P.C.* (by *Kevin A. McNulty*), for plaintiff.

*Zweig & Lane, P.C.* (by *Edward M. Freeland* and *Donna A. Belletini*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. L. SULLIVAN,* JJ.

SHEPHERD, J. Plaintiff appeals from a June 6, 1986, order granting defendants summary disposition on an insurance contract claim. We reverse and remand.

Plaintiff's complaint is based upon a group life insurance policy issued on the life of her husband in November, 1977, through defendant credit union. Premium dues were paid through automatic withdrawal from plaintiff's credit union account on a quarterly basis. On two previous occasions, plaintiff had apparently not had sufficient funds on deposit to cover the premium. Plaintiff claimed that she received notice from the defendant insurance company (League) and deposited sufficient funds. On none of these occasions was the policy cancelled; a double payment was made on the next

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

quarterly due date. In fact, a representative for League testified by deposition that its notice indicates to the insured to have sufficient funds on the next quarterly date so that a double payment can be made.

Plaintiff claims, by affidavit, that she did not receive a notice after her December 1, 1980, payment was due and unpaid. She assumed payment had been made. League claims the policy was cancelled as a result of the nonpayment on March 1, 1981, pursuant to its policy which states that the policy terminates ninety-two days after the due date of any premium if payment had not been remitted to League by the credit union. League claims, in an unsigned affidavit, that plaintiff did receive notice, but apparently cannot produce a copy of the notice itself. Plaintiff's husband died on May 18, 1981, and League denied the claim.

Relying on an apparent misstatement by counsel for League at the March 21, 1986, summary disposition oral argument, plaintiff argued that cancellation occurred only after two consecutive premiums are missed. Plaintiff argued that a material issue of fact existed on the interpretation of the contract as to whether decedent died within the ninety-two day "grace period" since he died within ninety-two days of the March 1, 1981, nonpayment.

Although the trial court initially agreed with this argument, it later, by June 6, 1986, written order, found in favor of defendants, concluding that no material issue of fact existed on the contract interpretation. Further, the trial court rejected plaintiff's argument that League was estopped from denying coverage because of its failure to notify plaintiff of her past due status. The trial court found no support for the theory in Michigan law, and rejected the theory for failure

to state a claim upon which relief could be granted.

The essence of plaintiff's complaint is that defendants failed to inform her that a premium payment was past due, failed to inform her that the policy was cancelled, and that, based upon prior conduct of informing plaintiff of past due premiums, defendant League was estopped from cancelling the policy. On appeal, League cites a number of cases for the proposition that an insurance company is under no preexisting duty to provide an insured with notice of past due premiums or cancellation. See *Szymanski v John Hancock Mutual Life Ins Co,* 304 Mich 483, 490; 8 NW2d 146 (1943); *Jones v Equitable Life Assurance Society of the United States,* 155 Mich App 472; 400 NW2d 648 (1986); *Sims v Buena Vista School Dist,* 138 Mich App 426; 360 NW2d 211 (1984), lv den 422 Mich 940 (1985). Insofar as it goes, this is the case law.

The issue here, however, is whether defendant had a duty to inform plaintiff of a past due delinquency because of its prior custom and practice. Contrary to League's assertions, Michigan has recognized such a duty. In *Cochran v National Casualty Co,* 261 Mich 273; 246 NW 87 (1933), plaintiff purchased a health and accident policy. An insurance company agent called on plaintiff each month to make the monthly payments. The agent did not call for a period of three months and the insurance company denied coverage on a subsequent claim. The Supreme Court upheld a jury verdict in favor of plaintiff, holding that plaintiff could not be held in default where the agent abandoned the payment plan *without notice to the plaintiff.* Cf., *Zerilli v Metropolitan Life Ins Co,* 277 Mich 192; 269 NW 140 (1936). See also *Seavy v Erickson,* 244 Minn 232; 69 NW2d 889 (1955); *Neider v Continen-*

*tal Assurance Co,* 213 La 621; 35 So 2d 237 (1948). This imposed duty to notify the insured if the insured has relied on a practice or custom of the insurer seems to be the majority rule. 43 Am Jur 2d, Insurance, § 849, pp 893-894.

The trial court decided the estoppel issue by granting defendant's motion brought under MCR 2.116(C)(8), failure to state a claim. Such a motion tests the legal sufficiency of the pleadings with all well-pleaded facts accepted as true. Summary disposition is warranted only if a claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recovery. *Stewart v Isbell,* 155 Mich App 65; 399 NW2d 440 (1986).

Given the posture of the case on review, we find the reasoning of the above cited cases compelling. On the two previous occasions when plaintiff's account was short she was notified of a past due balance and instructed to add to her account. According to the complaint, plaintiff had received such notices in the past but did not receive such a notice on this occasion. Based on these allegations, which we must assume to be true for purposes of subrule (C)(8) we believe she has stated a cause of action. *Cochran, supra.* We note that plaintiff has submitted a signed affidavit indicating she did not receive such a notice; League has submitted an unsigned affidavit indicating that such a notice was sent to plaintiff. This obviously is an issue of fact for the factfinder.

Finally, League argues that plaintiff's claim should be dismissed because she failed to procure copies of two transcripts and supply them to this Court. While the court rules provide us with the power to sanction plaintiff, see MCR 7.210, 7.211, and 7.216, review of the record reveals that the

two transcripts are not pertinent to the issue on appeal. We therefore decline to dismiss the case.

As against Ferndale Co-op, plaintiff propounds allegations of breach of fiduciary duty and negligence. The allegations are conclusory and the complaint lacks factual allegations to support these theories with one exception. There is no allegation that Ferndale Co-op took on the responsibility of notifying plaintiff of a shortfall in her account or that the Co-op acted in a way different from its past practice. The Co-op seems to have served merely as a conduit for the payment of premiums. Nonetheless plaintiff has alleged that the Co-op breached its duty by "failing to pay premiums once funds were deposited into Plaintiff's account." That allegation, taken as true for review purposes, would constitute a breach of its duty. We note that on appeal plaintiff has submitted extensive appendices, including statements of her account which belie this allegation. However, since we are ruling on a motion granted under subrule (C)(8), we are constrained to accept the allegation as true. We reverse the dismissal of defendant Co-op. Nothing we have said here prejudices plaintiff's right to amend her complaint to more specifically set forth factual allegations against the Co-op. MCR 2.118(A)(2).

Reversed and remanded.